ROME MACHINE AND FOUNDRY COMPANY *v.* DAVIS FOUNDRY AND MACHINE WORKS.

FISH, C. J. 1. A corporation has an exclusive right to the use of its own name, and it will be protected by a court of equity, by injunction, against the use of such name by another corporation. The corporate name is a necessary element of the corporate existence, and the right to its exclusive use will be protected upon like principles to those under which persons are protected in the use of trade-marks. *Creswill* v. *Knights of Pythias*, 133 *Ga.* 837 (67 S. E. 188); Clark on Corp. (2d ed.) 64; Hopkins on Unfair Trade, § 54; Paul on Trade-marks, § 168.

2

2. Generally geographical names are not the subject of exclusive appropriation as trade-marks or trade names. But such names, in connection with other words, may sometimes acquire a secondary signification indicative not only of the place of manufacture but of the name of the manufacturer or producer, or of the character of the product, so that the name or title thus employed, including the geographical word, may be the subject of protection against unfair competition in trade. Paul on Trade-marks, § 241, et seq; Elgin National Watch Co. *v.* Illinois Watch Co., 179 U. S. 665 (21 Sup. Ct. 270, 45 L. ed. 365); French Republic *v.* Saratoga Vichy Spring Co., 191 U. S. 427 (24 Sup. Ct. 145, 48 L. ed. 247).

3. A corporation may, by user, acquire a right to a trade name other than its corporate name in connection with goods manufactured and sold by it, and as descriptive of them; but such name is not a corporate name. Paul on Trade-marks, § 169.

4. A trade-mark, whether it consists of a symbol or a name, may be abandoned; and if it is, it may be appropriated by any one who by so doing adopts it as his own. If a trade-mark or trade name has been abandoned, it may be resumed and readopted by the original proprietor, if in the meantime it has not been taken possession of by another. Paul on Trade-marks, § 101.

5. Where a corporation was chartered under the name of the "Davis Foundry & Machine Works," it might obtain an amendment to its corporate name, if there were no legal objection to the amendment sought to be made. But there was no law which authorized the corporation, by way of obtaining an amendment to its charter, to file a petition setting out that some of its stockholders had previously been conducting a business similar in character to that done by the corporation, which was known as the "Rome Foundry & Machine Works," and which had been practically continuous and "under the same personal influence and control;" that the Rome Foundry & Machine Works spent considerable money and labor in advertising its business and was succeeded by a firm known by the petitioner's name; that the petitioner took over the business of such firm and adopted its name, and a part of the property was the advertisement of the "Rome Foundry & Machine Works;" that that name was liable and likely to be adopted by some other firm or corporation, or a name so similar that the petitioner would be injured thereby; and that it desired its charter to be so amended that the corporation might use the "Rome Foundry & Machine Works," in connection with its corporate name, upon its stationery and whenever it saw fit, preceding such name with the word "formerly;" but that it did not desire its name to be changed as thus set out for the purpose of suing or being sued, or for other corporate purposes, but so that petitioner might receive the benefit of a business done under the former name. Nor is there any provision of law by which a judge of the superior court is authorized to grant such an amendment to the charter. A corporate name may be amended, but under an application to amend the charter a judge of the superior court can not grant the right to use, or omit to use, at will, some name in addition to the corporate name, so as to form no part of the corporate name, but to pre-empt it against use by other persons or corporations.

6. The evidence was sufficient to make a case for submission to the jury; and the presiding judge erred in granting a nonsuit, or a motion to dismiss in the nature of a nonsuit.

> *Judgment reversed.*    *Beck, J., absent.*    *The other Justices concur.*
>                   AUGUST 10, 1910.

Equitable petition.    Before Judge Wright.    Floyd superior court.    January 14, 1909.

*John W. & G. E. Maddox,* for plaintiff.

*Seaborn & Barry Wright,* for defendant.