# CASES

## DECIDED IN THE

# SUPREME COURT OF GEORGIA

### AT THE

## MARCH TERM, 1924

SAUNDERS SYSTEM ATLANTA CO. INC. *et al. v.* DRIVE IT YOURSELF CO. OF GEORGIA; *et vice versa.*

1. A corporation has the exclusive right to the use of its own name; and a court of equity will enjoin another from using or imitating the same, upon the same principles under which persons are protected in the use of trade-marks.

(*a*) A person or corporation may acquire a trade-name. Such trade-name is as much descriptive of the manufacturer or dealer as is his own name; and the infringement of such trade-name of an individual or corporation will be enjoined by a court of equity when a proper case is made.

(*b*) An infringement of a real name or trade-name of a person or corporation is such a colorable imitation thereof that the general public, in the exercise of ordinary care, might think that it is the name of the individual or corporation first appropriating the same; and the use of such name is a fraud against the person entitled to use the same, when the infringer intends to create the impression in the minds of the public that he and the person or corporation first appropriating the name are the same.

(*c*) If the person or corporation first appropriating and using the name has a clear right to its use, its subsequent use by another person or corporation, knowing of the right, is presumed by law to be fraudulent.

2. The general rule is that a manufacturer or dealer cannot exclusively appropriate as a trade-name words which, according to their primary meaning, may with equal truth and right be employed by others for the same purpose.

(*a*) While generic and geographical names, and names composed of words which are merely descriptive, are incapable of exclusive appropriation,

1

words and names which have a primary meaning of their own, such as words descriptive of goods, services, places of manufacture, or names of the makers, may nevertheless, by long use in connection with the business or trade, come to be understood by the public as designating the goods, services, or business of a particular trader; and a court of equity will enjoin the use of such names by a competitor, upon the principle of unfair competition.

(*b*) In a case of this description, mere proof by the plaintiff that the defendant was using the name, words, or device which he had adopted to distinguish his goods would not entitle him to relief; but it must be shown that the defendant was using it under such circumstances or in such manner as to put off his goods as the goods of the plaintiff.

(*c*) In such a case it is not essential to the maintenance of a suit to enjoin unfair competition that the plaintiff should show that he has the exclusive right to a corporate or trade-name; but the allegation and proof of an interest in the good will of the business is sufficient, as it is the property in the good will of the business which is protected in all cases of unfair competition.

3. The degree of resemblance between names which is sufficient to warrant equitable interference is not capable of exact definition. It may be stated generally that the similarity must be such as is likely to mislead purchasers of ordinary prudence, or, in other words, the ordinary buyer, into the belief that the goods, services, or wares are those of a business rival.

(*a*) Unfair competition is a question of fact; and no inflexible rule can be laid down as to what conduct will constitute it. If the defendant, as a matter of fact, by his conduct is passing off his goods as the plaintiff's goods, or his business as plaintiff's business, a case of unfair competition is made. The test is whether the public is likely to be deceived.

4. An actual fraudulent intent need not be shown, if the necessary and probable tendency of the defendant's conduct is to deceive the public and to pass off his goods or business as that of the plaintiff, especially when only preventive relief against the continuance of the wrong is sought or granted.

5. When a plaintiff makes a case of unfair competition, based on the ground that the defendant is using or simulating his trade-name, and entitling him to injunctive relief, the defendant should be enjoined from the use of such trade-name in toto, and not only partially.

Nos. 4009, 4010.    MARCH 13, 1924.    REHEARING DENIED MAY 15, 1924.

Injunction.    Before Judge E. D. Thomas.    Fulton superior court.    August 27, 1923.

The Drive It Yourself Company of Georgia filed its petition for injunction against the Saunders System Atlanta Company Inc., and others, and made the following case:    The Drive It Yourself Company of Georgia was incorporated by order of Fulton superior court in September, 1920, and has ever since been engaged in business in the City of Atlanta.    Immediately after its organization it engaged in the business of letting out for hire automobiles,

and the distinctive feature of its business is letting out automobiles for hire without furnishing drivers, and permitting persons to drive said automobiles themselves. This company was the first to carry on a business of this kind, or to engage in business under that name in the City of Atlanta, County of Fulton, or State of Georgia. It was the pioneer in this kind of work and in creating a demand for this kind of service. This pioneer work increased the expenses of its business, and forced the company for a time to do business at a loss. The company has expended more than $100,000, and built up a valuable business. It now has for hire 25 automobiles and in the course of its three years of business has used over 100 automobiles. It has spent more than $5000 for advertisements directly, including billboard and newspaper advertisements, circulars, blotters, personal letters, and personal calls by its officers upon its past or prospective customers. In its entire conduct of its business it has used the name of "Drive It Yourself" and this name has, in the public mind and that of its customers, become identified with its business. The company placed over the front of its place of business in four places the name, "Drive It Yourself Company." The good will of its business so built up is valuable. The company has over 6000 customers on its list, each of whom has patronized it from one to fifty times, and the company is every day securing new customers. Its customers identify its business by the name, "Drive It Yourself." The Saunders System Atlanta Company Inc. is engaged in a business identical in kind with that of petitioner, and uses the same make and kind of automobiles used by petitioner, with the exception of three or four cars. The defendant company is incorporated under the laws of the State of Alabama. Petitioner has always maintained its place of business at No. 161 Ivy Street. The defendant company is engaged in business at No. 12 West Peachtree Street, four and one half blocks from petitioner's place of business, and in the same section of the city; and it appeals to the same class of customers. The defendant is displaying over its place of business the slogan, "Drive It Yourself," in the most prominent place. It is also displaying in as prominent a manner as possible the name, Saunders Drive It Yourself System, with the words, "Drive It Yourself," in white letters on a blue background. The words, "Drive It Yourself," are the words most prominently used in

identifying the defendant's place of business, and are repeated three times on its place of business. The defendant is holding itself out by signs and over the telephone as being the Drive It Yourself Company. Customers of petitioner. have been confused as to its place of business, and are taking defendant's place of business to be a part or branch of petitioner's place of business. This condition will continue as long as the defendant is permitted to use the words, "Drive It Yourself," and the damage to petitioner's business will be serious and incapable of calculation. The defendant came from other States to open a place of business in Atlanta, and opened said business about July 10, 1923. It has ·yet done no advertisement except the use of the name, Drive It Yourself. The defendant is depending for its business on the demand for that sort of business created by petitioner, and more especially on the confusion resulting from appropriation of petitioner's name and slogan, Drive It Yourself.

For the defendant this case was made: Warwick Saunders Sr. is president of the Saunders Drive It Yourself Company, and has been engaged in the Drive It Yourself business seven years. He and his four sons originated the plan of doing a Drive It Yourself business in Omaha in 1916, under the corporate name of Ford Livery Company. From its inception, the language, "Drive It Yourself," has been used in describing the nature of said business; and he and his sons as partners were engaged in the business in the United States more than two. years prior to any one else. Since 1916 the name has been extensively advertised throughout the United States. In 1920 Saunders and his sons abandoned the use of the phrase, "Drive It Yourself," as a firm or corporate name, for the reason that the business of renting automobiles had become so well known under that name that it was too descriptive of the name of the business. In order to distinguish their business from its competitors, the corporate name was changed to Saunders System Washington Company, or Saunders System Atlanta Company, or Saunders System Montgomery Company, depending on the location of the particular business. In 1920 the Saunders United System adopted a trade-mark reading "Saunders United Drive It Yourself System." The same was incorporated in 1921. Subsequently it was modified by leaving out the word "United." The Saunders System is now operat-

ing forty-three branches in thirty-six different States in the United States. The Saunders System Atlanta Company is a natural extension of the Drive It Yourself business as conducted by said partnership. The phrase, "Drive It Yourself," is in universal use throughout the entire United States, to designate the business of renting automobiles to persons who are to drive them themselves, and is as well known in designating such business as is the term, garage, in designating a place in which to keep automobiles. Saunders and his associates have expended in various forms of advertisement several hundred thousand dollars in perfecting the system and commercializing the trade-name of Saunders Drive It Yourself Company.

On the hearing the plaintiff and defendants introduced evidence tending to establish their respective contentions. The trial judge rendered judgment enjoining the defendants, pending the final hearing of the case, from using the words, "Drive It Yourself," and the oval trade-mark design employed by them on their letter-heads, bill-heads, advertisements, stationery, signs on their place of business, or as part of their name. The order further provided that it should not be construed to prevent the defendants from using their corporate name or the name, Saunders System, or from in any otherwise using the phrase, "Drive It Yourself," as indicative of the character of their business, whether said phrase be incorporated in advertisements, signs, stationery, forms, or in any other manner whatsoever. To this judgment the defendants excepted. The plaintiff filed its cross-bill of exceptions, and assigned error upon the judgment in so far as it failed to wholly enjoin the defendants from using the language, "Drive It Yourself," over their place of business and in their advertisements.

*Fuller & Bell,* for Saunders System Inc. et al.

*Elliott Cheatham,* contra.

HINES, J. (After stating the foregoing facts.)

1. A corporation has the exclusive right to the use of its own name. The corporate name is a necessary element of the corporate existence. A court of equity will enjoin another from using or imitating such name, upon the same principles under which persons are protected in the use of trade-marks. *Rome Machinery &c. Co.* v. *Davis,* 135 *Ga.* 17 (68 S. E. 800). A person or corporation may acquire a trade-name. Such trade-name is as much descrip-

tive of the manufacturer or dealer as his own name. Infringement of the real or trade-name of an individual or corporation will be enjoined by a court of equity when a proper case is made. An infringement upon the real name or trade-name of an individual or corporation is such a colorable imitation of the name that the general public, in the exercise of ordinary care, might think that it is the name of the individual or corporation first appropriating the same. The use of such name or the infringement thereof is a fraud against the person entitled to use the same, when the infringer intends to create the impression in the minds of the public that he and the person or corporation first appropriating the name are the same. If the person or corporation first appropriating and using the name has a clear right to the use thereof, its subsequent use by another person or corporation, knowing of this right, is presumed by the law to be fraudulent. It has even been held that the innocent or accidental use of a trade-name capable of exclusive appropriation will be enjoined. Previous use of such name in another section by another will not defeat such right in the territory in which such person or corporation appropriates and uses such name. Yellow Cab Co. *v.* Sachs (Cal.), 28 A. L. R. 105 (216 Pac. 33) ; *Whitley Grocery Co.* v. *McCaw Mfg. Co.,* 105 *Ga.* 839 (32 S. E. 113) ; *Creswill* v. *Grand Lodge,* 133 *Ga.* 837 (67 S. E. 188, 134 Am. St. R. 231, 18 Ann. Cas. 453). So the court below properly enjoined the defendant from using either the corporate or trade-name of the plaintiff, if either were capable of exclusive appropriation by the plaintiff.

2. But the defendant, Saunders System Atlanta Company Inc., contends that the name, "Drive It Yourself," is merely descriptive of the kind and character of the business which the plaintiff is conducting, and for this reason cannot be exclusively appropriated by it. Undoubtedly the general rule is that a dealer cannot exclusively appropriate as a trade-name words which, according to their primary meaning, may with equal truth and right be employed by others for the same purpose. *Larrabee* v. *Lewis,* 67 *Ga.* 561 (44 Am. R. 735) ; Goodyear's India Rubber &c. Co. *v.* Goodyear Rubber Co., 128 U. S. 598 (9 Sup. Ct. 166, 32 L. ed. 535) ; Standard Paint Co. *v.* Trinidad Asphalt Mfg. Co., 220 U. S. 446 (31 Sup. Ct. 456, 55 L. ed. 536) ; Nims on Unfair Competi-

tion and Trade-marks (2d ed.), 391; 38 Cyc. 708 B. Generally geographical names are not subject to exclusive appropriation as trade-names. *Rome Machinery &c. Co.* v. *Davis,* supra.

Whether the name, "Drive It Yourself," is composed of mere descriptive words, and for this reason is incapable of exclusive appropriation, we need not decide in the present case. While generic names, geographical names, and names composed of words which are merely descriptive are incapable of exclusive appropriation, words or names which have a primary meaning of their own, such as words descriptive of the goods, service, or place where they are made, or the name of the maker, may nevertheless, by long use in connection with the business of the particular trade, come to be understood by the public as designating the goods, service, or business of a particular trader. This is what is known as the doctrine of secondary meaning; and is the origin of the law of unfair competition, as distinguished from technical trade-marks or trade-names. In Reddaway v. Banham, 65 L. J. Q. B. 381, Lord Herschell said: "The name of a person, or words forming part of the common stock of language, may become so far associated with the goods of a particular maker that it is capable of proof that the use of them by themselves without explanation or qualification by another manufacturer would deceive a purchaser into the belief that he was getting the goods of A when he was really getting the goods of B. In a case of this description the mere proof by the plaintiff that the defendant was using a name, word, or device which he had adopted to distinguish his goods would not entitle him to any relief. He can only obtain it by proving further that the defendant was using it under such circumstances or in such manner as to put off his goods as the goods of the plaintiff. If he could succeed in proving this, I think he would, on well-established principles, be entitled to an injunction." On this subject see Wotherspoon v. Currie, L. R. 5 H. L. 508; International Silver Co. v. Wm. H. Rogers Corp., 66 N. J. Eq. 119 (57 Atl. 1037, 2 Ann. Cas. 407); Sartor v. Schaden, 125 Iowa, 696 (101 N. W. 511); 38 Cyc. 769 (2). It is not essential to the maintenance of a suit to enjoin unfair competition that the plaintiff should show that he has the exclusive right to a corporate or trade-name; but an allegation and proof of an interest in the good will of the business is sufficient, as it is

the property in the good will of the business which is protected in all cases of unfair competition.   38 Cyc. 766 B, and cases cited in note 90.

3.   The defendant next contends that the degree of resemblance between the names or devices used by it and the plaintiff is not sufficient to warrant the grant of an injunction.   The plaintiff's full corporate name is Drive It Yourself Company of Georgia. The full corporate name of the defendant is Saunders System Atlanta Company, Inc., and it uses the trade-name, "Saunders Drive It Yourself System."   Is the resemblance between these two names sufficient to warrant equitable interference?   The degree of resemblance between names which is sufficient to warrant equitable interference is not capable of exact definition.   Atlas Assurance Co. *v.* Atlas Insurance Co., 138 Iowa, 228 (112 N. W. 232, 114 N. W. 609, 15 L. R. A. (N. S.) 625, 128 Am. St. R. 189) ; Newport Sandbank Co. *v.* Monarch Sand Mining Co., 144 Ky. 7 (137 S. W. 784, 34 L. R. A. (N. S.) 1040).   It may be stated generally that the similarity must be such as is likely to mislead purchasers of ordinary caution and prudence, or, in other words, the ordinary buyer, into the belief that the goods, services, or wares are those of a business rival.   French Republic *v.* Saratoga Vichy Spring Co., 191 U. S. 427 (24 Sup. Ct. 145, 48 L. ed. 247) ; Standard Paint Co. *v.* Trinidad Asphalt Mfg. Co., supra; Dover Stamping Co. *v.* Fellows, 163 Mass. 191 (40 N. E. 105, 28 L. R. A. 448, 47 Am. St. R. 448).

Unfair competition is generally a question of fact.   *Creswill* v. *Grand Lodge Knights of Pythias,* supra.   No inflexible rule can be laid down as to what conduct will constitute such competition. "The imitation need only be slight, if it attaches to what is most salient."   Johnson *v.* Bauer, 82 Fed. 662 (27 C. C. A. 374) ; Saxlehner *v.* Eisner &c. Co., 179 U. S. 19 (21 Sup. Ct. 7, 45 L. ed. 60).   The question in all cases is:   Is the defendant, as a matter of fact, by his conduct passing off his goods as plaintiff's goods, or his business as plaintiff's business?   The universal test is whether the public is likely to be deceived.   38 Cyc. 779 (5).

We are of the opinion that the judge was authorized to find, under the evidence, that the plaintiff made a case of unfair competition.   If it had only appeared that the defendant was using the name of "Saunders Drive It Yourself System," the resemblance between that name and the corporate and trade-names of the plain-

tiff would not make as strong a case for the plaintiff as that proved. The plaintiff was chartered by an order of Fulton superior court in 1920 as the Drive It Yourself Company of Georgia. It immediately established its place of business at 161 Ivy Street in the City of Atlanta. The trial judge was authorized to find that it adopted the trade-name of "Drive It Yourself." These words were placed in conspicuous places upon the front of its place of business. The court was authorized to find that the plaintiff had advertised and conducted its business under this name. In July, 1923, shortly before the institution of this suit, the defendant established its business at 12 West Peachtree Street in the City of Atlanta. The defendant displayed over its place of business the words, "Drive It Yourself," in the most prominent place. It also put up a sign, consisting of an oval, with the word, "Saunders," written in the top of the oval, the words, "Drive It Yourself," in the middle, and the word, "System," at the bottom in white letters on a blue background. The trial judge was also authorized to find that the defendant was holding itself out, by signs and advertisements, as the Drive It Yourself Company. We cannot say, as a matter of law, that the trial judge was not authorized to find that the degree of similarity between the plaintiff's corporate and trade-names and that used by the defendant was not sufficient to mislead the public and to authorize the grant of an injunction. There was certainly some evidence which authorized the chancellor to find as he did in this matter.

4. The defendant's counsel urges that a court of equity will not interfere where confusion, if any, results only from similarity of the names used, and not from the manner of their use. It is asserted that courts of equity will only grant relief where there is fraudulent use of similar names or marks with the intention to deceive, and that no relief will be granted for the use of similar names when they are honestly used. If the plaintiff had the right to the exclusive use of the trade-name which it adopted, or to the exclusive use of its corporate name, the simulation of such name would be enjoined by a court of equity, as we have shown above. It has been asserted that, in the absence of the exclusive right to a trade-name, a court of equity will not enjoin another from using such name upon mere proof of the use of plaintiff's trade-name by the defendant, if nothing more appears. There is authority to the effect that fraudulent intent is necessary to constitute unfair

competition by the use of names in such a manner as to convey to the public the impression that the goods of one manufacturer or trader are those of another. It has been held that. the circumstances must be such as to show wrongful intent in fact, or to justify that inference from the facts alleged and proved. Lawrence Mfg. Co. *v.* Tennessee Mfg. Co., 138 U. S. 537 (11 Sup. Ct. 396, 34 L. ed. 997) ; Elgin Watch Co. *v.* Illinois Watch Case Co., 179 U. S. 665 (21 Sup. Ct. 270, 45 L. ed. 365) ; Hopkins on Trademarks (3d ed.), 294. But the better view is that an actual fraudulent intent need not be shown, if the necessary and probable tendency of defendant's conduct is to deceive the public and to pass off his goods or business as that of the plaintiff, especially where only preventive relief against the continuance of the wrong is sought or granted. 38 Cyc. 783 (6) ; 26 R. C. L. 84, § 60. There is nothing to the contrary in *Carter* v. *Carter Elec. Co.,* 156 *Ga.* 297 (119 S. E. 737), in which the use of one's own name was involved.

5. The trial judge enjoined the defendants "from using the words, 'Drive It Yourself,' and the oval trade-mark design at present employed by them on their letter-heads, bill-heads, advertisements, stationery, and signs on their place of business, or as a part of its name ;" but further provided in his judgment that it should "not be construed as preventing the defendants . . from in any other wise using the phrase, 'Drive It Yourself,' as indicative of the character of their business, whether said phrase be incorporated in advertisements, signs, stationery, forms, or in any other manner whatsoever except in the oval trade-mark design above referred to." The plaintiff, in its cross-bill of exceptions, excepts to the latter part of this judgment, on the ground that the defendants should have been enjoined from using its trade-name in any manner whatsoever. We think this position of plaintiff is well taken. If the defendants were wrongfully using the trade-name of the plaintiff they should be enjoined from its use in toto, and not only partially. They certainly should not be permitted to place its trade-name over the front of their building, whether in or out of the oval referred to. The defendants should have been enjoined from using the trade-name of the plaintiff in all ways.

*Judgment reversed on the cross-bill of exceptions; main bill of exceptions dismissed. All the Justices concur.*