NATIONAL BRANDS STORES INC. *v.* MUSE AND
ASSOCIATES *et al.*
NATIONAL BRANDS FOOD STORES INC. *et al.* v.
NATIONAL BRANDS STORES INC. *et al.*

Nos. 11183, 11185.  JULY 27, 1936.  ON REHEARING, JULY 28, 1936.

*Arnold, Gambrell & Arnold,* for National Brands Stores Inc.

*Harold Hirsch, Marion Smith, Ernest Rogers,* and *Arthur L. Harris,* for National Brands Food Stores Inc. *et al.*

*Boykin & Boykin, Casper Wiseman,* and *Dykes & Dykes,* for other parties.

ATKINSON, J.  Muse and Associates Inc. and National Brands Food Stores Inc. brought suit against National Brands Stores Inc., for damages and for injunction to prevent the defendant from carrying on business under its corporate name, on the ground that the businesses were similar, and that the plaintiffs were entitled to the exclusive use of the name National Brands Food Stores Inc., and that the name of defendant and its conduct of business thereunder was an infringement on the right of the plaintiffs in the conduct of business under the name National Brands Stores Inc.  In its answer the defendant denied the right of the plaintiffs to the relief sought, and, in the nature of a cross-action, sought to enjoin the

plaintiffs from carrying on business under the corporate name, on the ground that the defendant had first adopted and registered its name in the United States patent office and acquired exclusive right to use the name in its business throughout the United States, and that the plaintiffs' subsequent adoption and use of the corporate name was a fraud as against the defendant. Both sides alleged substantial similarity of the names and conduct of business thereunder by each repsectively; and the controlling question was as to the superior right of the respective parties to carry on the business under the names. At an interlocutory hearing the judge temporarily enjoined the defendant from operating within the State of Georgia under its corporate name, and on the cross-action enjoined the plaintiffs from operating under the name in any State of the United States other than Georgia. The plaintiffs and the defendant each excepted, assigning error on that part of the judgment that was adverse to them respectively.

1. It has been stated: "When a person has adopted, as the name of a business, a term originally geographical, and by his efforts and expenditures has developed a reputation and good will for such business and its products, so that such name has come to mean, in the minds of the general public, that particular business and its products, such name thereby acquires a 'secondary meaning,' as indicating such business, and its owner is entitled to protection, in its use, by a court of equity." American Products Co. *v.* American Products Co., 42 Fed. (2d) 488. The principle is stated in different language in *Rome Machine & Foundry Co.* v. *Davis Foundry & Machine Works,* 135 *Ga.* 17, 18 (68 S. E. 800); *Saunders System Atlanta Co. Inc.* v. *Drive It Yourself Co. of Ga.,* 158 *Ga.* 1 (123 S. E. 132). See also British-American Tobacco Co. *v.* British-American Cigar Stores Co., 211 Fed. 933 (Ann. Cas. 1915B, 363). The words National Brands Food Stores Inc., considered separately, have original meanings which the public may use at liberty; but under the foregoing principle, if used collectively as a corporate name under which a particular business is carried on, and the corporation by its efforts and expenditures has developed the reputation and good will of such business, so that such name has come to mean, in the minds of the general public, that particular business, such name thereby acquires a "secondary meaning" as indicating such business, and the corporation is en-

titled to protection in the use of the name by a court of equity. The same is true in regard to the name National Brands Stores Inc.

2. It has been said: "In the ordinary case of parties competing under the same mark in the same market, it is correct to say that prior appropriation settles the question. But where two parties independently are employing the same mark upon goods of the same class, but in separate markets wholly remote the one from the other, the question of prior appropriation is legally insignificant, unless at least it appear that the second adopter has selected the mark with some design inimical to the interests of the first user, such as to take the benefit of the reputation of his goods, to forestall the extension of his trade, or the like." Hanover Star Milling Co. v. Metcalf, 240 U. S. 403, 415 (36 Sup. Ct. 357, 60 L. ed. 713) ; United Drug Co. v. Theodore Rectanus Co., 248 U. S. 90 (39 Sup. Ct. 48, 63 L. ed. 141) ; Chapin-Sacks Mfg. Co. v. Hendler Creamery Co., 254 Fed. 553. It is declared by statute: "It shall be unlawful for any person, persons, or partnership to carry on, conduct, or transact any business in this State under an assumed, fictitious, or trade-name, or under any other designation, name, or style, other than the real name or names of the individual or individuals conducting or transacting such business, unless said person, persons, or partnership shall file, in the office of the clerk of the superior court in each county in which said person, persons, or partnership shall maintain an office or place of business, an affidavit signed by said person or persons, setting forth the full name or names and the address or addresses of the true owner or owners of said business." Code of 1933, § 106-301. Also: "Nothing in this chapter is to be construed to affect or apply to any corporation duly organized under the laws of this State or any foreign corporation legally doing business in this State under its corporate name." § 106-304. Compliance with the provisions of this statute as to registration in the office of the clerk of the superior court is essential to the right of a person to conduct business under another or assumed name, and to acquire such interest in the name as will be protected by a court of equity. See *Dunn & McCarthy Inc.* v. *Pinkston,* 179 *Ga.* 31 (175 S. E. 4), s. c. 47 *Ga. App.* 514(5) (170 S. E. 922) ; *Padgett* v. *Silver Lake Park Corporation,* 168 *Ga.* 759 (149 S. E. 180) ; *Laurens Glass Works* v. *Childs,* 49 *Ga. App.* 590 (176 S. E. 665) ; *Constitution Publishing Co.* v. *Lyon,* 52 *Ga. App.* 434 (183 S. E. 653).

3. Muse and Associates Inc., and other persons dealing with that concern, and using the trade-name National Brands Food Stores Inc., did not register in the office of the clerk of the superior court, and consequently did not by use of the name acquire an exclusive right to the name.

4. National Brands Food Stores Inc., in virtue of its charter, acquired the right to use its charter name, and, under the Code, § 106-304, was not required to have it registered. It was not an exclusive right, but could be made so by carrying on the business in manner and with the result that the name acquired a "secondary meaning" as indicated above. The evidence fails to show the carrying on of any such business by the corporation after the grant of its charter, and to show that the charter name was so used as to give it a secondary meaning, representing the business itself.

5. In the circumstances the judge was not authorized to find that the National Brands Food Stores Inc. was entitled to the exclusive use of the name in Georgia, and consequently it was erroneous on that theory to enjoin the National Brands Stores Inc. from carrying on business in this State.

6. Under application of the principles stated in the first and second divisions of this opinion to the pleadings and the evidence, the judge was not authorized to find that the National Brands Stores Inc. had established such nation-wide business and good will under its corporate name as entitled it to protection by a court of equity in the use of such corporate name in carrying on its business in all the States of the United States except in Georgia; and consequently the judge erred in enjoining the National Brands Food Stores Inc. from the use of its name in all the States of the United States except in Georgia.

*Judgments reversed. All the Justices concur, except Gilbert, J., absent.*