### WOMBLE *v.* PARKER.

HAWKINS, Justice. 1. While geographical names and words which are merely descriptive are not generally the subject of exclusive appropriation as trade-marks or trade names, such names and words when used so long and exclusively by a trader, manufacturer, or producer that they are generally understood to designate his business or merchandise, may acquire a secondary signification or meaning indicative not only

of the place of manufacture, but of the name of the manufacturer or producer, or of the character of the product, so that the name or title thus employed, including the geographical name and descriptive words, may be the subject of protection against unfair competition in trade, and authorize equity to enjoin a newcomer competitor from the appropriation and use of a trade name or trade-mark bearing such resemblances to those of the pioneer as to be likely to produce uncertainty and confusion, and to pass off the goods or business of one as those of the other. *Rome Machine & Foundry Co.* v. *Davis Foundry & Machine Works*, 135 *Ga.* 17 (68 S. E. 800); *Saunders System Atlanta Co.* v. *Drive It Yourself Co. of Georgia*, 158 *Ga.* 1 (123 S. E. 132); *Kay Jewelry Co.* v. *Kapiloff*, 204 *Ga.* 209 (49 S. E. 2d, 19); Western Auto Supply Co. *v.* Knox, 93 Fed. 2d, 850. See also *Atlanta Paper Co.* v. *Jacksonville Paper Co.*, 184 *Ga.* 205 (190 S. E. 777).

2. A person, by long and exclusive use, may acquire a trade name; and when thus acquired, such trade name is as much descriptive of the manufacturer or producer as is his own name, and the infringement of such trade name of an individual will be enjoined by a court of equity when a proper case is made. If the person first appropriating and using the name has a clear right to its use, its subsequent use by another, knowing of the right, is presumed by law to be fraudulent. *Saunders System Atlanta Co.* v. *Drive It Yourself Co. of Georgia*, 158 *Ga.* 1 (supra).

3. In the instant case, it appears: that the plaintiff and his predecessors in the bakery business at Claxton, Georgia had been operating a bakery under the trade name of "Claxton Bakery" for over thirty years, and had been specializing in making and selling fruit cake, known as "Claxton Fruit Cake," which facts were known to the defendant; that large sums of money had been spent over many years in advertising this fruit cake, and the plaintiff had established a reputation for making superior quality fruit cake, and had received orders from and made shipments to every State in the Union and to several foreign countries; that a large portion of the orders were received by mail, telephone, and telegraph, and that he had registered his trade-mark in the Copyright Office of the United States in 1947, and had registered his trade name, "Claxton Bakery," and his product name, "Claxton Fruit Cake," with the Clerk of the Superior Court of Evans County, Georgia, before bringing this petition for injunction on October 28, 1949; that, about two years prior to the bringing of the present suit, the defendant had moved to Claxton and had begun the operation of a business under the trade name of "Womble's Bakery," the defendant claiming that this business belonged to his wife and was managed by him; that, in the early part of 1949, the defendant purchased fruit cake made by Womble's Bakery and began to advertise his product as "Claxton Maid Fruit Cake" made by "Claxton Fruit Cake Company," the defendant having registered his trade name of "Claxton Fruit Cake Company" with the Clerk of Evans Superior Court on May 2, 1949, and had registered his label and trade-mark, "Claxton Maid Fruit Cake" in the office of the Secretary of State, as provided by Code § 106-102. While the defendant in his testimony denied any intention to commit a fraud upon the plaintiff, or to mislead and confuse the public, by the adoption of his

trade name and trade-mark, or of passing off his goods as those of the plaintiff, the undisputed evidence discloses that customers of the plaintiff had purchased the product of the defendant under the mistaken belief, induced by the similarity in the names, that they were purchasing the goods of the plaintiff. Applying the foregoing rules of law to the facts of the instant case, the trial court did not err in directing a verdict for the plaintiff, enjoining the defendant from using the names "Claxton Fruit Cake Company" and "Claxton Maid Fruit Cake" and the word "Claxton" in any way in connection with the name of his business or of his product.

4. While Code § 106-102 provides that every person adopting a label, trade-mark, or form of advertisement may file it for record in the office of Secretary of State in the manner therein provided, and receive a certificate of the record thereof, and that, in all suits under this Title of the Code, such certificate shall be sufficient proof of the adoption of such label, trade-mark, or form of advertisement, and of the right of the person to adopt the same, and Code § 106-103 provides that every such person may proceed by suit to enjoin the manufacture, use, display, or sale of counterfeits or imitations, and to recover damages therefor—the provisions of these sections of the Code as to registration are permissive and not mandatory, and a compliance by one with the provisions thereof could not operate to deprive another of the use of a trade name or trade-mark previously acquired, although not thus registered, or to nullify the provisions of Code § 37-712, that "Any attempt to encroach upon the business of a trader, or other person, by the use of similar trade-marks, names, or devices, with the intention of deceiving and misleading the public, is a fraud for which equity will grant relief."

5. What is here ruled is not in conflict with the decision of this court in *National Brands Stores* v. *Muse and Associates,* 183 *Ga.* 88 (187 S. E. 84), wherein it was held that compliance with the provisions of the Code of 1933, § 106-301, as to registration of trade names in the office of the Clerk of the Superior Court is essential to the right of a person to conduct business under another or assumed trade name, and to acquire such interest in the name as will be protected by a court of equity, for the reason that the Code section upon which that decision was based was repealed by act of the General Assembly approved March 29, 1937 (Ga. L. 1937, p. 804), and now codified as Code (Ann. Supp.) § 106-301 through § 106-304, and § 106-9906, which provide that one who fails to register a trade name shall, on conviction, be punished as for a misdemeanor, and that the party so offending shall be cast with court costs in suits instituted by him, but shall suffer no other or further penalty or forfeiture. Moreover, the plaintiff in this case had registered his trade name with the Clerk of the Superior Court prior to the bringing of the present suit.

*Judgment affirmed. All the Justices concur.*

No. 17545. Submitted September 10, 1951—Decided October 9, 1951.

*S. T. Brewton* and *C. L. Cowart,* for plaintiff in error.
*C. O. Purcell* and *R. K. Girardeau,* contra.