21960. PEARL OPTICAL, INC. v. PEARLE OPTICAL OF GEORGIA, INC. et al.

QUILLIAN, Justice. Pearle Optical of Georgia, Inc., and Pearle Optical of Monroeville, Inc., brought suit for injunction in the Floyd Superior Court against Pearl Optical, Inc. The peti-

tion alleged: that Pearle of Georgia began business in Savannah, Georgia, around April 24, 1961, while Pearle of Monroeville began doing business in Rome, Georgia, on or about April 30, 1962; that the defendant, a Georgia corporation, has engaged in doing business in Rome since July 19, 1962; that all three corporations are engaged in the conduct of the general business of dispensing opticians; that the plaintiffs compete with the defendants in Georgia and particularly that Pearle of Monroeville competes with the defendant within a radius of fifty miles of Rome; that the plaintiffs' respective businesses have been and are identified as "Pearle Optical"; that this name has come to designate the optical business of the plaintiffs; that the defendant was well aware that the plaintiffs used the name "Pearle Optical" to identify their business and they were so identified by the public; that the plaintiffs notified the defendant in writing to cease and desist using a similar trade name but that the defendant denied an invasion of the plaintiffs' right; that prior to filing suit Pearle of Monroeville registered "Pearle Optical" as its trade name in compliance with *Code Ann.* § 106-301 (Ga. L. 1937, p. 804; Ga. L. 1943, p. 398).

The plaintiffs alleged, on information and belief, that the defendant's use of an identical name was for the purpose of wilfully and maliciously seeking to obtain the fruits of the plaintiffs' efforts in developing the optical business in Georgia and particularly in the Rome area; that the use of the name "Pearl Optical, Inc." will mislead, confuse and deceive customers of the plaintiffs and the general public and cause them to deal with the defendant in the mistaken belief that they are dealing with the plaintiffs; that the acts of defendant encroach and are likely to encroach on the businesses of the plaintiffs, take advantage of and injure the good will of the plaintiffs, and cause confusion of the businesses of the plaintiffs and the defendant so that the public believes that the business and services of the defendant are the business and services of the plaintiffs or that the plaintiffs are in some way connected with the defendant.

There are further averments: that the acts of the defendant incorrectly identify the defendant as an affiliate of the plaintiffs to potential customers; that the defendant has borrowed the plaintiffs' reputation, has forestalled and is likely to forestall

the normal potential of the plaintiffs' businesses, has whittled away and diluted the trade name of the plaintiffs, and the defendant has received unjust enrichment, all to the injury and damage of the plaintiffs; that, if the defendant is permitted to continue the use of the similar trade name, it will reap a large measure of the benefit from advertising, reputation and good will of the plaintiffs, to which they are alone entitled and that such use constitutes an infringement of the plaintiffs' trade name and unfair trade competition.

The defendant filed its general and special demurrers to the petition. The trial judge overruled the general demurrers, reserving decision on the special demurrers. To the order overruling the general demurrers, the defendant excepted and assigns error, based on the grounds: that the petition shows that the plaintiffs have no vested or proprietary right in the name they seek to protect by injunction and that the petition fails to allege that the plaintiffs have any exclusive right to the use of the trade name in question; that the plaintiffs were precluded from asserting their right to the trade name by their failure to register their trade name in compliance with the statute, until shortly before bringing suit; that the petition shows on its face that it was brought prematurely, in that no overt act on the part of the defendant is alleged and that the acts complained of were mere apprehensions of injury. *Held:*

1. There is no merit to the defendant's contention that the petition fails to show that the plaintiffs have a proprietary and exclusive interest in the name "Pearle Optical." The petition sets out that the plaintiffs have continuously used the name in question, have expended large sums of money for advertising in that name, and thereby have established a good reputation and created good will for themselves in the name of "Pearle Optical." Further, the name has become associated by the general public with the optical business conducted by the plaintiffs and prior to the acts complained of no other business was identified by a similar trade name. See *Creswill v. Grand Lodge Knights of Pythias*, 133 Ga. 837, 844 (67 SE 188, 134 ASR 231, 18 AC 453, rev. on other grounds, 225 U.S. 246); *Rome Machine &c. Co. v. Davis Foundry &c. Works*, 135 Ga. 17 (68 SE 800); *Saunders System Atlanta Co. v. Drive It Yourself Co.*, 158 Ga. 1, 6 (123 SE 132).

2. The defendant argues further that, since the plaintiffs failed to register their trade name as provided by *Code Ann.* § 106-301, supra, they would be precluded from seeking relief in equity; for, where a suitor applies for equitable relief he must come into court with clean hands with respect to matters concerning which he asks such relief. *Griffith v. City of Hapeville,* 182 Ga. 333, 335 (185 SE 522) ; *Code* §§ 37-104 and 37-112. In support of this argument the defendant cites *National Brands Food Stores v. National Brands Stores,* 183 Ga. 88, 90 (187 SE 84), which held registration to be essential to the right of a person to acquire such interest in a trade name as will be protected by a court of equity. We are not bound to follow that decision, however, for since it was rendered *Code* § 106-301 was repealed by the acts of 1937, supra. As pointed out in *Womble v. Parker,* 208 Ga. 378 (67 SE2d 133), the requirements for registration would not nullify the provisions of *Code* § 37-712 which provides for equitable relief against any attempt to encroach upon the business of any person using a trade name. *Code Ann.* § 106-9906 (Ga. L. 1937, pp. 804, 805) provides that one who fails to register a trade name shall, on conviction, be punished as for a misdemeanor, but shall suffer no other or further penalty or forfeiture, except costs. Hence, the provisions as to registration are "permissive and not mandatory, and a compliance by one with the provisions thereof could not operate to deprive another of the use of a trade name or trade-mark previously acquired, although not thus registered." *Womble v. Parker,* 208 Ga. 378 (4), supra.

3. The defendant contends that this action is premature and that no overt acts are alleged. Numerous cases are cited to the effect that an injunction will not be granted on mere apprehension (see *Slaughter v. Land,* 190 Ga. 491, 9 SE2d 754), and that where there are no allegations of an overt act committed which injuriously affects the plaintiff's person or property no cause of action for equitable relief is set forth. See *Todd v. City of Dublin,* 212 Ga. 36 (1) (89 SE2d 889). These decisions are not applicable here since the plaintiff complains not only of the possibility of future harm but alleges present injury. The averments of the petition state very definitely both present wrong and foreseeable damage which will inure as a result of the defendant's use of a similar trade name.

The allegations of the petition, on general demurrer, are sufficient to show that the general public is and might be deceived and misled into confusing the business and services of the defendant with that of the plaintiffs or into believing that the plaintiffs are connected in some way with the defendant; further, that as a result the plaintiffs' good will and reputation are now and would, in the future, be diluted and whittled away to the unjust enrichment of the defendant. Upon proper proof, the plaintiffs would be entitled to the relief sought. *Kay Jewelry Co. v. Kapiloff*, 204 Ga. 209 (49 SE2d 19); *Gordy v. Dunwody*, 209 Ga. 627 (74 SE2d 886).

*Judgment affirmed. All the Justices concur.*

ARGUED FEBRUARY 11, 1963—DECIDED MARCH 7, 1963.

*E. J. Clower*, for plaintiff in error.
*Matthews, Maddox, Walton & Smith*, contra.