22682. MULTIPLE REALTY, INC. v. MULTIPLE LISTING SERVICE, INC.

ARGUED OCTOBER 13, 1964—DECIDED NOVEMBER 5, 1964—
REHEARING DENIED NOVEMBER 19, 1964.

438

*Thibadeau, Penland & Smith, Richard A. Thibadeau,* for plaintiff in error.

*Hatcher, Meyerson, Oxford & Irvin, Stanley P. Meyerson,* contra.

QUILLIAN, Justice. In the present case the plaintiff contends that the defendant's use of the word "multiple" in its corporate name is designed to mislead the public and trade upon the plaintiff's good will and reputation. On the other hand, the defendant contends that the word "multiple" is a descriptive term which may not be exclusively appropriated.

The rule is well established that a generic or descriptive word is incapable of exclusive appropriation by a trader. *Fraser v. Singer,* 211 Ga. 26 (83 SE2d 599); *Saunders System Atlanta Co. v. Drive It Yourself Co.,* 158 Ga. 1, 7 (123 SE 132); *Womble v. Parker,* 208 Ga. 378 (1) (67 SE2d 133). Such words are publici juris (that is, belong as a matter of right to the public as a whole) in their primary sense and their use by others is damnum absque injuria for which no action lies. 87 CJS 345, Trademarks § 98. As pointed out in 52 AmJur 545, Trademarks, § 60: "a word or term designating or describing a trade or occupation, indicating that a particular class of goods is dealt in, or a particular business carried on, cannot be exclusively appropriated by one as a trademark or trade name. The reason for this is that if one person could acquire an exclusive right thus to designate his place of business, no others engaged in the same business could properly so designate theirs." Georgia has followed this principle. In *Saunders System Atlanta Co. v. Drive It Yourself Co.,* 158 Ga. 1 (2), supra, this court held: "The general rule is that a manufacturer or dealer cannot exclusively appropriate as a trade-name words which, according to their primary meaning, may with equal truth and right be employed by others for the same purpose."

It is true that words or names which have a primary meaning of their own may, by long use in connection with a business or trade, be understood by the public as designating the goods, services or business of a particular trader. *Saunders System Atlanta Co. v. Drive It Yourself Co.,* 158 Ga. 1, supra; *Citizens Jewelry Co. v. Savelle & Co.,* 219 Ga. 409, 411 (133 SE2d 858).

This is the rationale of the well-known doctrine of secondary meaning which has been adopted by the Georgia courts and by the vast majority of jurisdictions in this country. However, in such situation in order to claim a secondary meaning has attached to the use of a word it is incumbent on the plaintiff to allege facts to show such association by the public with its name. *Gano v. Gano*, 203 Ga. 637, 641 (47 SE2d 741); *National Brands Stores v. Muse & Assoc.*, 183 Ga. 88, 89 (1) (187 SE 84); *Pearl Optical v. Pearle Optical of Ga.*, 218 Ga. 701, 703 (1) (130 SE2d 223).

Here the plaintiff alleges that "multiple" and its corporate name "Multiple Listing Service" are a descriptive word and words indicating the type of business the corporation is engaged in, respectively; that both have a very definite meaning in the business of real estate. Hence, without more, "multiple" would not be such a word as is entitled to protection or exclusive use by one trader. As a prerequisite to establishing a secondary meaning to the word "multiple" the plaintiff must allege that the public has come to associate such with the plaintiff's business. The plaintiff's allegations indicate that the public has associated "multiple" with the general business of a multiple listing service, but utterly fails to show that customers, actual, prospective, potential or otherwise, have come to associate "multiple" with the particular business of the plaintiff. It is thus apparent that the plaintiff neglected and omitted to allege such standing as to enable it to bring an action seeking to prevent the defendant from using a similar name.

Moreover, the defendant urges that the two corporate names are not so similar that the general public mistakes, or might mistake, one for the other. We find this contention also meritorious.

The applicable rule is: "if a reasonably cautious person would mistakenly confuse the two trade names of the parties and believe that the separate businesses had a common ownership, then the imitation, if other legal requisites are present, would be unlawful." *Gordy v. Dunwody*, 209 Ga. 627, 631 (74 SE2d 886); *Atlanta Paper Co. v. Jacksonville Paper Co.*, 184 Ga. 205, 213 (190 SE 777). The corporate name of the defendant as a whole

is not identical to that of the plaintiff as a whole. The only similarity or resemblance is in the word "multiple." As in the case of the word "industrial" (*Industrial Investment Co. v. Mitchell,* 164 Ga. 437, 138 SE 908), "first" (*First Federal Sav. & Loan Assn. v. First Finance & Thrift Co.,* 207 Ga. 695, 64 SE2d 58) and "casual" (*Fraser v. Singer,* 211 Ga. 26, supra), the word "multiple" is not so similar as to be such a colorable imitation of the plaintiff's corporate name as would lead the public in the exercise of ordinary care to believe the Realty Company's name is that of the Listing Company. See in this connection *Gano v. Gano,* 203 Ga. 637, supra; *East Ga. Motor Club v. AAA Finance Co.,* 212 Ga. 408 (93 SE2d 337).

The trial judge erred in overruling the general demurrer to the petition.

■ In view of the ruling in Division 1 it is not necessary to pass upon the grounds of the motion for new trial.

*Judgment reversed. All the Justices concur.*