24131. DOLPHIN HOMES CORPORATION v. TOCOMC DEVELOPMENT CORPORATION et al.

FRANKUM, Justice. Dolphin Homes Corporation filed its petition in the Superior Court of Fulton County seeking to enjoin Tocomc Development Corporation, Ralph D. Torrance and Alfred J. Cole, individually and doing business as Tocomc Development Corporation from using the trade name, Old National North, and to recover damages. The petition alleges

that the plaintiff is engaged in building and developing residential housing and is developing a subdivision in south Fulton County under the name of Old National East; that, subsequent to the date plaintiff began developing Old National East, defendants, who are engaged in the same kind of business and in direct competition with plaintiff, began the development of a subdivision in the immediate vicinity of the tract of land being developed by plaintiff under the name Old National North, that the name adopted by defendants is a colorable imitation of the name used by plaintiff and that the use of it by defendants constitutes fraud and a wilful and malicious attempt by said defendants to benefit from the advertising, good will and reputation of the plaintiff.

Defendants filed general and special demurrers to the petition. The trial court sustained the general demurrer and the appeal is from that judgment. Error is enumerated on the ruling on the demurrer and on the failure of the trial judge to provide for a time in which plaintiff could amend its petition after the judgment. *Held:*

1. The trade name used by the plaintiff, Old National East, is composed of words which are descriptive of the subdivision being developed by plaintiff and of plaintiff's business. They have a primary meaning in themselves and are not capable of exclusive appropriation. *Multiple Realty, Inc. v. Multiple Listing Service, Inc.,* 220 Ga. 437 (139 SE2d 326); *Citizens Jewelry Co. v. Savelle Jewelry Co.,* 219 Ga. 409, 411 (133 SE2d 858); *Pearl Optical, Inc. v. Pearle Optical of Ga., Inc.,* 218 Ga. 701 (1) (130 SE2d 223); *Gano v. Gano,* 203 Ga. 637, 641 (47 SE2d 741); *National Brands Stores, Inc. v. Muse & Assoc.,* 183 Ga. 88 (1) (187 SE 84); *Saunders System Atlanta Co. v. Drive It Yourself Co. of Ga.,* 158 Ga. 1 (123 SE 132).

In order to state a cause of action for equitable relief to protect the use of a trade name such as is involved in this case against unfair competition, it must be alleged that the name has acquired an additional meaning apart from the primary, geographical or descriptive meaning of the words comprising it. Words having a primary meaning "may, by long use in connection with a business or trade, be understood by the public as designating the goods, services or business of a particular trader." *Multiple Realty Inc. v. Multiple Listing Service, Inc.,* 220 Ga. 437, 440, supra. See *National Brands*

*Stores, Inc. v. Muse & Assoc.,* supra. This is known as the doctrine of secondary meaning. To claim a secondary meaning "it is incumbent on the plaintiff to allege facts to show such association by the public with its name." *Multiple Realty, Inc. v. Multiple Listing Service, Inc.,* supra, at p. 441.

Plaintiff alleges in Paragraph 10 of its petition that: "[p]laintiff has expended large sums of money in the development and advertising of its subdivision and has acquired for the subdivision an excellent reputation in the building trade and has developed much good will under its trade name of Old National East, all of which was well known to defendants prior to their utilization of the name Old National North." It is further alleged that the use of the trade name, Old National North, by defendants is done with the intent to deceive the public, to induce the public to do business with the defendants while under the impression that the transactions were actually with the plaintiff corporation, and that by such use, the defendants were "taking advantage of plaintiff's long established good reputation for building high quality homes."

In our opinion, these averments are not sufficient to show acquisition by the trade name, Old National East, of a secondary meaning. No facts are alleged to show that the public has come to associate the trade name with the business of the plaintiff corporation. The allegations as to plaintiff's "good will," its expenditure of large sums of money developing and advertizing its subdivision, its "long established reputation for building high quality homes," and deception of the public do not carry the necessary implication that the public mind connects the trade name with the particular business of the plaintiff corporation. *Gano v. Gano,* 203 Ga. 637, supra.

2. Petitioner relies upon *Code Ann.* § 106-115 (Ga. L. 1955, pp. 453, 454) which states as follows: "Every person, association, or union of working men adopting and using a trade-mark, trade name, label or form of advertisement may proceed by suit, and all courts having jurisdiction thereof shall grant injunctions, to enjoin subsequent use by another of the same or any similar trade-mark, trade name, label or form of advertisement if there exists a likelihood of injury to business reputation or of dilution of the distinctive quality of the trade-mark, trade name, label, or form of advertisement of the prior user, notwithstanding the absence of competition

between the parties or of confusion as to the source of goods or services; except that the provisions of this section shall not deprive any party of any vested lawful rights acquired prior to the effective date of this section."

It suffices to say that the petition contains no allegations that defendants' use of the name, Old National North, would tend to injure the business reputation of appellant. As for the second ground for relief afforded by this statute, that of dilution of the distinctive quality of the trade name, etc., or form of advertisement of the prior user, we consider the term "distinctive quality" to mean that the trade name must be one of such originality as to be capable of exclusive appropriation, or one not capable of exclusive appropriation but which has acquired a secondary meaning as defined in Division 1 above, in order to come within the protection of the statute. Thus, the petition does not state a cause of action for injunctive relief under this statute.

For the reasons stated here and in Division 1, the trial court did not err in sustaining the general demurrer to the petition as it failed to state a cause of action for the relief sought.

3. The second enumeration of error which complains that the trial judge abused his discretion in failing to allow appellant time within which to amend its petition is without merit as the record does not show that appellant requested time in which to amend prior to the decision and the judge is not required to grant leave to amend. *Owens v. Rutherford,* 200 Ga. 143, 152 (36 SE2d 309); *Ripley v. Eady,* 106 Ga. 422 (2) (32 SE 343); *Wells v. Butler's Builders' Supply Co.,* 128 Ga. 37, 39 (57 SE 55); *Rogers v. Adams,* 98 Ga. App. 155, 157 (1) (105 SE2d 364).

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 13, 1967—DECIDED JUNE 22, 1967—
REHEARING DENIED JULY 6, 1967.

*Walter W. Mitchell, Coggin & Mitchell, McCord, Cooper & Voyles,* for appellant.

*Eugene T. Branch, Jones, Bird & Howell, Earle B. May, Jr.,* for appellees.