71803. ALEXIE, INC. et al. v. OLD SOUTH BOTTLE SHOP CORPORATION.
(345 SE2d 875)

SOGNIER, Judge.

Old South Bottle Shop Corporation (OSBS) brought suit against Alexie, Inc., d/b/a The Old South Package Store, and Alexie, Inc.'s corporate officers, Nicholas Talias, Angela D. Talias and James Hedgpeth as individuals, seeking injunctive relief and monetary damages for injury to OSBS's trade name and business reputation. The jury returned a special verdict denying all injunctive relief but finding in favor of OSBS for general damages and attorney fees. Appeal was made to the Supreme Court which determined that there was no equity jurisdiction involved and transferred the appeal to this court. See *Carter v. State*, 93 Ga. App. 12, 14 (1) (90 SE2d 672) (1955).

Appellee operated a retail package store known as "Old South Bottle Shop" from at least 1970 until October 1981 when it was forced to close as a result of condemnation by the Department of Transportation. Appellant corporation began operating under the name "Old South Package Store" eight months after appellee's store was closed. Appellant Nicholas Talias, president of the corporate appellant, testified that he knew about the pending condemnation of appellee's store some ten months prior to the closing of the store, selected the location for appellant corporation's store (which is only a short distance from the former location of appellee's store) two months before the condemnation proceeding was closed, and named appellant corporation's store "Old South Package Store" because of the popularity the name "Old South" had in connection with a

nearby motel and because of the advantage the name "Old South" would have to appellants in the attraction of customers. There was testimony that subsequent to the closing of appellee's store, customers visited appellants' store having confused it with appellee's store and that members of the public had mistaken appellants' business for a continuation of appellee's business.

1. Appellants enumerate several errors relating to the denial of their motion for directed verdict and certain jury instructions on the issue whether the name of appellee's store had acquired a "secondary meaning" in order to afford appellee a cause of action for deceptive trade practices. A trademark or trade name composed of generic or descriptive words is incapable of exclusive appropriation, see *Multiple Realty v. Multiple &c. Svc.*, 220 Ga. 437, 440 (139 SE2d 326) (1964), unless it is shown that the name, by long use in connection with the party's business or trade, has acquired an additional meaning apart from the primary, geographical or descriptive words comprising the name so as to be understood by the public as designating the goods, services or businesses offered particularly by the party. See *Dolphin Homes Corp. v. Tocomc Dev. Corp.*, 223 Ga. 455, 456-457 (1) (156 SE2d 45) (1967). We find no error in the trial court's denial of appellants' motion for directed verdict made on the basis that appellee had failed to carry its burden of proof by showing appellee's name had acquired such a secondary meaning. There was evidence that members of the public associated the name "Old South Bottle Shop" with the quality service which had been provided by appellee and that circumstances of confusion were created by appellants' use of the name "Old South Package Store" so as to constitute a deceptive trade practice. See *Giant Mart Corp. v. Giant Discount Foods*, 247 Ga. 775, 777 (279 SE2d 683) (1981); *Multiple Realty*, supra at 441. This evidence was sufficient to support the trial court's denial of appellants' motion for directed verdict. See generally *Henderson v. Colony West*, 175 Ga. App. 676, 678 (2) (332 SE2d 331) (1985).

Appellants contend the trial court's instruction to the jury concerning corporate names was error because it failed to address the acquisition of secondary meaning in such names, see *National Brands Stores v. Muse & Assoc.*, 183 Ga. 88, 91 (4) (187 SE 84) (1936), and that the trial court erred by failing to charge appellants' request to charge which allegedly rectified this omission. Our review of the charge as a whole reveals that the trial court fully and completely instructed the jury on the law concerning the acquisition of secondary meaning in trade names and trademarks and the trial court referred the jury to this discussion of the law as applicable in principle to the portion of the charge of which appellants complain. Further, " '[i]t is now well settled that, simply because a request to charge [cit.] is apt, correct and pertinent, it is not necessarily error to fail to charge it,

but the test is whether the court substantially covered the principles embodied therein [cits.] or whether it was "sufficiently or substantially covered by the general charge" [cit.].' [Cit.]" *Downside Risk, Inc. v. MARTA*, 168 Ga. App. 202, 206 (5) (308 SE2d 547) (1983). Since the record reveals the trial court's charge covered the principles in appellants' requested charge, no reversible error was presented in appellants' enumerations.

2. Appellants contend the trial court erred by denying their motion for directed verdict on the ground that appellee had abandoned any rights it had in the expression "Old South Bottle Shop." The standard of appellate review of a trial court's denial of a motion for directed verdict is the "any evidence" test. *Little v. Little*, 173 Ga. App. 116 (1) (325 SE2d 624) (1984). There was testimony that appellee intended to continue in the retail package store business subsequent to the condemnation of its store by the DOT but that appellee had not relocated its business in part due to lack of funds until completion of the condemnation proceedings. Although appellants argue the weight of the evidence shows an intent by appellee to abandon its name, a trial court judge cannot direct a verdict because he thinks the strength or weight of the evidence is on one side, but can do so properly only where there is no conflict in the evidence introduced as to the material facts and the evidence so introduced, together with all reasonable deductions or inferences therefrom, demands a particular verdict. *Gordon v. Carter*, 126 Ga. App. 343, 344 (1) (190 SE2d 570) (1972). The trial court did not err by denying appellants' motion for directed verdict.

We find no merit in appellants' contention that the trial court erred by charging the jury in regard to abandonment that "involuntary non-use attributable to factors such as condemnation, inconsistent with an intention to forfeit rights, will not result in abandonment." The trial court had charged correctly that abandonment occurs "when a company stops using a particular trademark or trade name and intends to abandon the trademark or trade name." Contrary to appellants' argument, the listing of condemnation as among the possible factors of involuntary non-use of a trademark or trade name which would not result in abandonment, did not create an "all encompassing and indefinite exception" to the law of abandonment. See generally 27A EGL Trade Names, Trademarks, Copyrights & Unfair Competition, § 21 (1985 rev.).

3. Contrary to appellants' contention, the failure of the jury to grant injunctive relief to appellee did not provide a basis for appellants' motion for directed verdict on damages in that appellee's complaint presented a claim on a common law cause of action for damages and the evidence supported a verdict for appellee thereon. *Diedrich v. Miller &c. Assoc.*, 254 Ga. 734, 736 (2) (334 SE2d 308)

(1985); *Hagan & Dodd Co. v. Rigbers*, 1 Ga. App. 100 (57 SE 970) (1907). We do not agree with appellants that the trial court erred by denying their motion for a new trial made on the basis that the damage award returned by the jury was speculative, excessive and without a rational or demonstrable basis in the record. " 'The appellate court will not disturb the trial court's refusal to grant a new trial if there is any evidence at all to support the verdict.' [Cit.]" *Githens v. Roberts*, 174 Ga. App. 152, 154 (1) (329 SE2d 219) (1985). The evidence at trial set forth the financial condition of appellee prior to condemnation and the revenue appellants received from operation of the "Old South Package Store," including net profits and the salaries drawn by the individual appellants. As set forth earlier in this opinion, there was evidence that appellee's customers visited appellants' store under the mistaken belief that "Old South Package Store" was the new version of "Old South Bottle Shop." This evidence was sufficient to support the jury's award of general damages in favor of appellee. See generally *Ga. Power Co. v. Womble*, 150 Ga. App. 28, 32 (3) (256 SE2d 640) (1979). Although we find appellants' arguments about the particularity of appellee's plea of specific damages under OCGA § 9-11-9 (g) to be without merit, it is unnecessary to dwell on these arguments in that appellee's complaint, by requesting the grant of "such other and further relief" deemed appropriate by the trial court, was sufficient to plead general damages. OCGA § 51-12-2 (a). Further, there was no objection by appellants to the alleged irregularity in the verdict form (in that it provided only for general damages) and thus appellants' objections have been waived. *W. Ga. Pulpwood v. Stephens*, 128 Ga. App. 864, 869-870 (3) (198 SE2d 420) (1973).

4. We find no merit in appellants' contention that the trial court erred by refusing to admit evidence concerning the verdict awarded appellee as a condemnee in its lawsuit against the DOT. Assuming, arguendo, that this enumeration properly appears of record for this court to review, the DOT award and judgment to appellee for business damages as a result of the condemnation and total destruction of appellee's business was not relevant to appellee's action against appellants for their deceptive trade practice in appropriating for their own use the name of appellee's store. See generally *Farris v. Pazol*, 166 Ga. App. 760, 762 (2) (305 SE2d 472) (1983).

5. Appellants contend the trial court erred by denying their motion for directed verdict as to the individual appellants made on the ground that there was no evidence piercing the corporate veil by showing that any of the individual appellants acted outside the scope of their employment, acted in disregard of the corporate entity or acted in derogation of the corporation. In Georgia, where a corporate tort is committed, an officer who takes part in its commission or who specifically directs the particular act to be done or who participates or

cooperates therein is personally liable for the commission of the tort. *Lincoln Land Co. v. Palfery*, 130 Ga. App. 407, 411 (1a) (203 SE2d 597) (1973); *McLanahan v. Keith*, 135 Ga. App. 117, 121 (5) (217 SE2d 420) (1975); *Am. Game &c. Service v. Knighton*, 178 Ga. App. 745 (344 SE2d 717) (1986). We determined above that the evidence was sufficient to support a verdict against the corporate appellant for the commission of a tort against appellee's trade name. Individual appellant Nicholas Talias, the corporate appellant's president, was directly involved in the decision to name the package store the "Old South Package Store" and in the selection of the store's site. There was evidence that Talias consulted with individual appellant James Hedgpeth on these matters and that Hedgpeth participated to some degree in the decision-making process. Although the record does not reveal the position Hedgpeth holds in appellant corporation, there was some evidence from which a jury could have found Hedgpeth was not merely a minority stockholder in the corporation but was a corporate officer, namely, testimony by Talias that Hedgpeth drew a salary and documentary evidence of appellant corporation's finances submitted by appellants which provided for "OFFICERS' SALARIES J. HEDGP." Therefore, the trial court did not err by denying the motion for directed verdict as to those individual defendants. See generally *C & W Land Dev. Corp. v. Kaminsky*, 175 Ga. App. 774, 775 (1) (334 SE2d 362) (1985). However, insofar as individual appellant Angela D. Talias is concerned, no evidence was adduced at trial from which the jury could find or infer that Angela Talias, in her position as corporate secretary (apparently a titular position), took any part in the commission of the corporate tort. Thus, because there was no conflict in the evidence that appellant Angela Talias did not take part in, direct, participate or cooperate in the commission of the corporate tort, see *Lincoln Land Co.*, supra, a verdict in her favor was demanded as a matter of law and the trial court's order denying the motion for directed verdict as to appellant Angela Talias is reversed. See generally OCGA § 9-11-50; *Davis v. Pachuilo*, 169 Ga. App. 677 (1) (314 SE2d 692) (1984).

*Judgment affirmed as to all appellants except Angela Talias. Judgment reversed as to appellant Angela Talias. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED MAY 7, 1986 —
REHEARING DENIED MAY 23, 1986 —

*Stephen M. Schaetzel, Anthony B. Askew, William Terry Pickren*, for appellants.

*James Garland Peek, J. Corbett Peek, Jr.,* for appellee.