### 20467. TEASLEY *et al. v.* JONES.

HAWKINS, Justice. J. Henry Jones brought his petition in Elbert Superior Court against C. E. Teasley, Sr., and Mrs. Leonia Melbourne Brown, alleging that W. O. Jones died testate in January, 1931; that, at the time of his death, he owned, had title to, and was in possession of a lot of land 50 feet by 400 feet in the City of Elberton, described in paragraph 4 of the petition as lying between properties of the defendants, and being contiguous to Teasley on one side and Brown on the other; that this property was devised by the duly probated will of W. O. Jones to his wife, Mrs. Mollie G. Jones, which devise was duly assented to by his personal representatives; that Mrs. Mollie G. Jones thereby became vested with the title to the property, entered into possession of same, and was the

owner thereof at the time of her death; that she died testate in July, 1952; and that, under her duly probated will, her executors conveyed the property by deed to the plaintiff, copy of which deed is attached to the petition as an exhibit; that, by virtue of this deed, the petitioner is now vested with the title to the land; that, on June 4, 1958, each of the defendants executed and delivered to the other a deed purporting to convey to the grantee in each deed one-half of the lot, copies of these deeds being attached to the petition as exhibits. Petitioner alleges that he is entitled to possession of said lot, and that defendants wrongfully and unlawfully kept him out of possession thereof; that the continued use by the defendants of petitioner's lot or any part of the same is a continuing trespass; that the defendants should be restrained and enjoined from using said lot or any part thereof as a means of ingress and egress, entering or squatting thereon, or making any other use thereof which is inconsistent with the right and title of petitioner therein as the fee-simple owner of the same. He prays: (1) for process; (2) that the defendants be restrained from using said lot or any part thereof as a means of ingress or egress to their respective lots, or their squatting or entering thereon, or making any other use thereof which is inconsistent with the right and title of petitioner therein as the fee-simple owner thereof; (3) for a permanent injunction; (4) that title to said lot be decreed to be in petitioner; (5) that the deeds by the defendants to each other to a portion of the lot be delivered up, canceled, and declared null and void, and of no effect; and (6) for general relief. To the petition the defendants filed their general and special demurrers, all of which were overruled, except paragraph 8 to a portion of paragraph 16 of the petition, which was sustained, and to so much of the order as overruled all of the other grounds of demurrer, the defendants except. *Held:*

1. An allegation that a party is the owner of a described lot of land is an allegation of an ultimate fact, and not a conclusion of law. *Domin* v. *Brush,* 174 *Ga.* 32 (161 S. E. 809) ; *Gray* v. *Bradford,* 194 *Ga.* 492 (22 S. E. 2d 43) ; *Foster* v. *Rowland,* 194 *Ga.* 845 (4) (22 S. E. 2d 777). If a person dies while in possession of land under a bona fide claim of right thereto, such possession at the time of his death is prima facie evidence of title in him which will support an action or complaint for land instituted by the grantee of the personal

representatives of such deceased person against third persons who are alleged to have entered into adverse possession of the land without any valid title or right of possession. *Segars v. Crump,* 177 *Ga.* 665 (170 S. E. 785), and cases there cited. The trial court did not err in overruling the general demurrer to the petition.

2. The ground of demurrer seeking to raise the question of estoppel, containing allegations of fact as a basis therefor which do not appear on the face of the petition, is a speaking demurrer and for this reason was properly overruled. *Beckner v. Beckner,* 104 *Ga.* 219 (1) (30 S. E. 622); *Arthur v. State,* 146 *Ga.* 827 (2) (92 S. E. 637); *Allen v. Potter,* 153 *Ga.* 24 (111 S. E. 549).

3. The assignment of error based upon the overruling of special grounds of demurrer to various paragraphs of the petition, not having been argued in this court, will be treated as abandoned. *Anglin v. Anglin,* 209 *Ga.* 823 (2) (76 S. E. 2d 498); *Davis v. Homer Lumber Co.,* 211 *Ga.* 144 (4) (84 S. E. 2d 59).

*Judgment affirmed. All the Justices concur.*

Submitted May 11, 1959—Decided June 5, 1959.

*Lavender & Griffith,* for plaintiffs in error.
*Rupert A. Brown,* contra.

