40537. WOODALL et al. v. LEACHMAN et al.

HALL, Judge. This was an in personam action by lessors of a building for damages to the realty and loss of rentals allegedly caused by wrongful acts of the defendant, who was appointed trustee in bankruptcy of the lessee when the lessee was in default for rentals past due under the lease, and who allegedly beyond her duties as trustee and without right, severed attached light fixtures from the realty and caused them to be sold as an asset of the bankrupt estate, in violation of the terms of the bankrupt's lease agreement. The plaintiffs assign error on the judgment of the trial court sustaining demurrers to the petition on two grounds, both of which relate to the jurisdiction of the trial court. The grounds upon which the demurrers were sustained were, first, that the petition shows that the defendant is not individually liable but shows that her acts complained of "[were] done by her in her representative capacity as Trustee in Bankruptcy, acting pursuant to a valid order of the United States District Court for the Northern District of Georgia"; and, second, that any claims of the plaintiffs should be adjudicated in the court of bankruptcy. *Held:*

The above quoted facts stated in the first ground of the defendant's demurrers do not appear on the face of the petition. Being a speaking demurrer, this ground should have been overruled. *Interstate Bond Co. v. Cullars,* 189 Ga. 283 (2) (5 SE2d 756); *Teasley v. Jones,* 215 Ga. 135 (2) (109 SE2d 514).

This is an in personam action for damages for wrongful acts allegedly beyond the defendant's duties as trustee in bankruptcy. The plaintiffs do not seek to interfere with property in the custody of the bankruptcy court. The courts have held that such actions in State courts do not interfere with the bankruptcy court's administration of the bankrupt estate, and that the personal liability of a trustee is subject to adjudication by State courts. Berman v. Smith, 171 Fed. 735 (N.D. Ga. 1909); In re French, 18 F. 2d 792 (W.D. Mich. 1927); In re Interocean Transportation Co., 232 F. 408 (3) (S. D. N.Y. 1916); In re 4145 Broadway Hotel Co., 124 F. 2d 891 (7th Cir. 1941); Collier on Bankruptcy, Vol. 1 (14th Ed.) 305, § 2. 61 [2]; 8A CJS 677, § 356; accord *Smith v. Berman,* 8 Ga. App. 262 (68 SE 1014 (1910)).

The trial court erred in sustaining the defendant's demurrers.

*Judgment reversed. Nichols, P. J., and Russell, J., concur.*

DECIDED JANUARY 30, 1964.

*Gibert, Walling & Hubert, Richard N. Hubert,* for plaintiffs in error.

*Ben T. Beasley, Jr.,* contra.