23143. MILTON FRANK ALLEN PUBLICATIONS, INC. v. GEORGIA ASSOCIATION OF PETROLEUM RETAILERS, INC.

ARGUED SEPTEMBER 15, 1965—DECIDED OCTOBER 13, 1965— REHEARING DENIED NOVEMBER 4, 1965.

*Westmoreland, Hall & Pentecost, Donald E. O'Brien, John L. Westmoreland, Jr.,* for plaintiff in error.

*Mackay & Payton, Donald Payton, Arnall, Golden & Gregory, Cleburne 'E. Gregory, Jr.,* contra.

PER CURIAM. Plaintiff corporation, Milton Frank Allen Publications, Inc., brought an action to enjoin defendant corporation, the Georgia Association of Petroleum Retailers, Inc., from breaching certain contracts between the parties and for further equitable relief. The record shows that defendant is a nonprofit Georgia corporation; that plaintiff corporation entered

into a contract on March 26, 1946, with defendant by which plaintiff would have the sole and exclusive right to solicit members for defendant and would receive in consideration of obtaining members a portion of the dues payable annually by each member; and, that under a second contract of the same date plaintiff agreed to publish a magazine to promote the aims and purposes of defendant and would receive an annual subscription fee of $1.50 for each member of defendant corporation. At the time the contract for solicitation of members was entered into membership dues for all members were $10 per member. The same contract provides that dues shall be fixed at not less than $10 per year paid in advance and that plaintiff is to receive $7.50 commission from each membership of $10 for obtaining the membership, but states in paragraph I that defendant "has the right on a vote carried by a 2/3rds majority of a quorum present at a regular meeting of the board of directors of the association to fix the dues per year at a higher amount in round figures up to, including but not to exceed $25, such an increase in dues to take effect January 1st of the next year and not to apply to members of record until renewal date, and provided three months notice in writing is furnished the second party." It is also provided that if dues are increased the amount of plaintiff's commission is to be increased in the same ratio.

Petitioner alleges that defendant increased the dues in accordance with the solicitation contract in 1947 and that such increase was in effect from January 1, 1948, until the end of 1964. Petitioner alleges that defendant sent to it a written notice on August 3, 1964, stating that the defendant "has fixed all membership dues beginning Jan. 1, 1965, at $10.00 per member per annum," and that by such action defendant breached and continues to breach the contract in that it seeks to lower the annual dues of its members to $10 in violation of the contract.

It is also alleged that defendant, notifying its members of the reduced dues for January 1965, is breaching the publishing contract which provides that plaintiff shall have "the sole and exclusive sanction of the defendant" and "that no other printed medium will be used or sanctioned, directly or indirectly, to

disseminate information to [the members] or to speak officially for [defendant] in printed form than The Georgia Petroleum Retailer [magazine]"; and that such breach is causing plaintiff irreparable harm and damage, in that it makes it virtually impossible for plaintiff to collect any membership dues in excess of $10 for the year 1965, which plaintiff has the lawful right to do. Plaintiff alleges that it has performed as required by the contracts and that it has no adequate legal remedy along with supporting allegations of fact.

Defendant filed a general demurrer to the petition alleging that the petition failed to state a cause of action for the relief sought on the ground that the contract for the solicitation of members does not prohibit or restrict defendant from reducing the membership fees and dues to $10 per year after they have been increased in accordance with the contract, and on three other special grounds alleging that the contract is void as an ultra vires act in that its making was outside the authority of the defendant corporation, and was contrary to the public policy of the State.

The trial court sustained the general demurrer and plaintiff excepts to this ruling.

■ The petition does state a cause of action for the relief sought and the trial court erred in sustaining the general demurrer. The demurrer on the ground that the alleged breach of the contract to solicit members is really no breach at all since the contract does not prohibit defendant from reducing the membership dues is without merit. The language of the contract expressly states that defendant may fix dues at a higher amount up to, including, but not to exceed $25 in accordance with a procedure set out in the contract. The petition alleges facts showing that defendant has proceeded to effect a reduction in the amount of the dues to $10 after having raised the dues in 1947 under the procedure in the contract. Since the contract in no way expressly provides that defendant may lower the amount of the dues, the allegation is sufficient to show a breach of the contract.

■ Although this court has never dealt with the particular question, the Court of Appeals held in a case where a defendant

under his general demurrer contended that the act of the plaintiff corporation was ultra vires and thus was not a valid basis for the suit against him, and that the petition therefore stated no cause of action, that the lower court properly overruled the demurrer stating that: "Neither the chapter nor its material parts being incorporated in or attached to the petition, it can not be determined on demurrer whether the alleged act of the corporation was ultra vires." *Young Co. v. Minchew*, 42 Ga. App. 228, 229 (1b) (155 SE 356). Here, the petition does not set out any of the language of the charter of the defendant corporation, but it is not essential in an action against a corporation that its charter or material parts thereof be alleged in the petition except, perhaps, where the action is based upon matter contained in the charter, and this is not the case here. *Code* § 81-101. A demurrer can put in question the validity only of those allegations well-pleaded and cannot introduce new matters in defense of the action. *Code* § 81-304; *Regenstein v. J. Regenstein Co.*, 213 Ga. 157 (97 SE2d 693); *Wright v. State*, 217 Ga. 453 (122 SE2d 737); *Teasley v. Jones*, 215 Ga. 135, 137 (2) (109 SE2d 514). Therefore, the general demurrer on the ground that defendant was acting beyond its corporate power and authority should have been overruled. The allegations of the petition, as amended, when taken in their entirety are sufficient to support a cause of action for the relief sought.

*Judgment reversed. All the Justices concur, except Mobley, J., not participating for providential cause.*