24350. MILTON FRANK ALLEN PUBLICATIONS, INC. v. GEORGIA ASSOCIATION OF PETROLEUM RETAILERS, INC.

ARGUED OCTOBER 10, 1967—DECIDED NOVEMBER 9, 1967.

*Westmoreland, Hall & O'Brien, John L. Westmoreland, Donald E. O'Brien,* for appellant.

*Mackay & Elliott, James A. Mackay, Arnall, Golden & Gregory, Cleburne E. Gregory,* for appellee.

ALMAND, Presiding Justice. The judgment under review is one denying an interlocutory injunction.

Milton Frank Allen Publications, Inc., in its petition against Georgia Association of Petroleum Retailers, Inc., a nonprofit Georgia corporation, sought to enjoin the defendant from breaching certain contracts between the parties and other equitable relief.

According to the petition two or more contracts were entered into by the parties, but the main one which was entered into on March 26, 1946, granted to the plaintiff the sole and exclusive right to solicit members for the defendant association for which

the plaintiff would receive 75% of the annual dues of the association's members. At the time the contract was entered into, the annual membership dues were fixed at $10 per member with the right of the board of directors of the association by a two-thirds vote to increase the dues to an amount not in excess of $25. The dues were increased in 1948, but in August of 1964 the defendant notified the plaintiff that effective January 1, 1965, the annual dues would be $10.

The plaintiff asserted that this purported action was a breach of the contract in that the defendant could increase the annual dues but could not reduce the annual dues. A copy of this contract was attached to the petition. Section 1 of this contract provided: "That second party [plaintiff] for a period of thirty years after this date, and with the irrevocable option of renewing for two additional and consecutive periods of thirty years each, has the sole and exclusive right to solicit members for the Georgia Association of Petroleum Retailers, Inc. The membership dues shall be fixed at not less than $10 per year paid in advance for one year's membership in the association. The first party [defendant] has the right on a vote carried by ⅔rds majority of a quorum present at a regular meeting of the board of directors of the association to fix the dues per year at a higher amount in round figures up to, including but not to exceed $25, such an increase in dues to take effect January 1st of the next year and not to apply to members of record until renewal date, and provided three months notice in writing is furnished the second party." Also attached to the petition was another contract, dated March 26, 1946, between the parties which granted to the plaintiff the sole and exclusive right to publish a magazine known as the Georgia Petroleum Retailer, the official organ of the defendant association, for a period of "thirty years after this date, and with the option of renewing for two additional and consecutive periods of thirty years each." A subscription fee of $1.50 per year for each member was to be paid to plaintiff by allowing him to deduct said amount from the membership dues.

The defendant filed its general demurrer and answer to the

petition. The court sustained the general demurrer, and the plaintiff on appeal obtained a reversal in this court in *Milton Frank Allen Publications v. Georgia Assn. of Petroleum Retailers*, 221 Ga. 495 (145 SE2d 497). We there ruled that: "The trial court erred in sustaining the general demurrer to the petition as it is sufficient to allege a breach of contract by allegations that defendant corporation had attempted to lower the dues of its members when said contract provided only for increasing the dues and made no provision for lowering them, and as petitioner set forth other grounds for equitable relief.

"The trial court erred in sustaining the general demurrer based upon the ground that the making of the contract sued upon was an unauthorized, ultra vires act on the part of defendant corporation, as such defense cannot be raised on general demurrer where the petition does not set out the charter of the defendant corporation or any of its material parts, and here, petitioner is not required to do so."

In its answer the defendant alleged that Milton Frank Allen was one of the incorporators of the defendant association and that he was either secretary or executive secretary of the defendant association from its organization in 1941 until his resignation on or about June 1, 1961. As the managing head of the defendant's business affairs, the plaintiff stood in a fiduciary relationship to the defendant and its members with a duty not to use the corporation for his own personal gain. Further, defendant alleged these membership and publication contracts were void as being ultra vires and contrary to public policy because (a) they were irrevocable for a period of 90 years which would divest the members and directors of the defendant association of the power to carry out the purposes of the corporation, (b) they transfer to the plaintiff the rights and franchise of the defendant association for the private gain of the plaintiff and (c) the board of directors that entered into the contracts exceeded its power in binding future boards of directors for 90 years and expending two-thirds of the income from dues and fees for such period.

The prayers of the answer were that the contracts be declared null and void and that injunctive relief be granted prohibiting

the plaintiff from soliciting or collecting dues and fees from defendant's members.

On the hearing of the plaintiff's application for an interlocutory injunction, the trial court entered the following order: "The application of plaintiff for temporary injunction coming on for hearing and after hearing evidence and argument of counsel and consideration by the court, it is hereby considered, ordered and adjudged that the prayers of plaintiff's petition as amended seeking a temporary injunction be and the same are hereby denied."

It is apparent from the record that when this case was before this court (221 Ga. 495) and when it was before the trial court on the hearing of the petition for an interlocutory injunction, neither court passed upon or made any ruling on the several grounds of the defendant's attack upon the validity of the contracts as raised in its answer. We will not rule upon these here because they will be for determination on the final trial of the case before the court and jury. The sole question for our determination is whether the trial judge abused his discretion in denying the interlocutory injunction.

If the trial judge in refusing an interlocutory injunction bases his refusal upon the ground that the evidence was in conflict or if the trial judge enters a mere general judgment refusing an interlocutory injunction, this court will not reverse the judgment in either case if it appears that the evidence was in conflict, because such a judgment was entered in the exercise of the trial judge's discretion. *Ballard v. Waites*, 194 Ga. 427 (1) (21 SE2d 848).

Where it appears that no questions of law were passed upon by the trial judge in granting or refusing an interlocutory injunction and he treated the case as turning on issues of fact and the evidence was conflicting upon those issues, it cannot be held that he abused his discretion. "Interesting and important questions of law are discussed in the briefs of counsel for the respective parties; but it does not appear from the record that the trial judge made any ruling thereon. In these circumstances the trial judge could by interlocutory injunction retain the status

until the issues of law and fact involved could be more thoroughly threshed out on the final hearing; and as no serious injury will result to the defendant by adopting this course, we will not reverse the judgment of the trial judge on the ground that the grant of an interlocutory injunction was an abuse of discretion." *Mobley v. Brundage,* 170 Ga. 829 (3) (154 SE 452).

The purpose of an interlocutory injunction is preliminary and preparatory; it looks to a future final hearing, and while contemplating what the result of that hearing *may be,* it does not settle what it *shall be.* *National Bank of Augusta v. Printup Bros. & Co.,* 63 Ga. 570 (1). As Justice Bleckley speaking for the court said in *Kirtland v. Mayor &c. of Macon,* 62 Ga. 747, 750, "[i]njunction ad interim is a part of equity police. It is a device to keep the parties in order, and prevent one from hurting the other whilst their respective rights are under adjudication. There is often a cry for the police when there is no real danger. The equity of a bill is not lost because an injunction is denied, or because it is not applied for before the final hearing."

We have examined the evidence and cannot say that there was no conflict in the evidence on the issues raised by the pleadings. Whatever may be the rights of the parties on the final hearing, the trial judge did not abuse his discretion in denying an interlocutory injunction.

*Judgment affirmed. All the Justices concur.*