24373. MULTIPLE LISTING SERVICE, INC. v. METROPOLITAN MULTI-LIST, INC.

Argued November 15, 1967—Decided January 4, 1968.

*Hatcher, Meyerson, Oxford & Irvin, Stanley P. Meyerson, Zachary, Hunter, Zachary & Bowden, John C. Hunter,* for appellant.

*Thibadeau & Smith, Ernest Woodie Smith,* for appellee.

Almand, Presiding Justice. The sole question for review on this appeal is whether the court erred in dissolving a temporary restraining order and in denying the appellant's prayers for an interlocutory injunction after hearing only the evidence introduced by the appellant. If the appellant prevails here it must be because the evidence demanded a finding that he was entitled to injunctive relief pending a final trial.

The legal issues are whether the appellee in the use of its trade name has violated the appellant's rights in the use of its trade

name which was registered prior to the appellee's and whether the appellee should be restrained and enjoined under the provisions of *Code Ann.* § 106-115 (Ga. L. 1955, pp. 453, 454), to prevent the appellant from suffering irreparable injury.

The appellant, Multiple Listing Service, Inc., a Georgia corporation, in its complaint against Metropolitan Multi-List, Inc., also a Georgia corporation, in substance alleged: In September of 1957 it filed in Fulton County, the county of its domicile, a registration statement pursuant to *Code Ann.* § 106-301 (Ga. L. 1937, p. 804; Ga. L. 1943, p. 398) for the corporate trade name "Multiple Listing Service, Inc." and for the trade name "M L S," and since then it has used said trade names in all of its advertising, signs, letterheads and in the conduct of its business. It was the first and only user of the trade name "M L S" in the State of Georgia and has invested substantial sums of money in the promotion of these trade names and its distinctive emblem. In August 1967 the appellee filed in the office of the Clerk of DeKalb Superior Court a trade name registration "M L S" and "Metropolitan Multiple Listing Service." The appellant asserts it is entitled to the exclusive use of the name "M L S" and the name "Multiple Listing Service" in the metropolitan area of Atlanta, and Fulton and DeKalb Counties.

Further, appellant's petition alleged "that the names 'M L S' and 'Multiple Listing Service' have each acquired by long use in connection with plaintiff's [appellant's] business a secondary meaning which is understood by the public as designating the services and business of the plaintiff and the public has come to associate the trade names 'M L S' and 'Multiple Listing Service' and its distinctive emblem combining both of said names as identifying exclusively the business and services of the plaintiff, and the use thereof by the defendant [appellee] of the identical trade names will directly injure the business reputation of the plaintiff and will dilute the distinctive quality of the plaintiff's trade names and form of advertising. Plaintiff further shows that the defendant's use in the same competitive field of endeavor of the two identical names 'M L S' and 'Multiple Listing Service' results in making the general public mistakenly confuse the said trade names of the plaintiff with that of the defendant

and cause a reasonably cautious person to erroneously believe that the plaintiff's and the defendant's business have a common ownership.

"During the period since the commencement of plaintiff's business on the 6th day of September 1957, and for the ensuing ten years to September 6, 1967, the total dollar amount of advertising of the plaintiff itself combined with that of its members composed of nineteen real estate companies totals $1,434,773.95. In all of the said advertising of the plaintiff and in excess of 90 per cent of each of its respective members the advertising of the same has included either the names 'M L S' or 'Multiple Listing Service' or both of these names either separately or incorporated in the typical emblem, all of which said advertising was disseminated to the general public not only through the metropolitan area of Atlanta and Decatur, Georgia, but throughout the entire State of Georgia, to identify the exclusive business and services furnished by the plaintiff.

"During the said ten-year period plaintiff's members have listed with the plaintiff a total of 15,141 houses for sale and in each of these instances in order to identify the plaintiff's business have displayed in the front of each respective home for sale a sign which included the trade names 'M L S', 'Multiple Listing Service' or a combination of the two said names or the distinctive emblem embodying the two trade names. These listings were primarily in the Atlanta and Decatur and Marietta Metropolitan areas."

The prayers of the petition were "that the defendant, its president, officers, agents, and attorneys be temporarily restrained and thereafter temporarily and permanently enjoined from utilizing petitioner's trade name 'M L S', petitioner's emblem utilizing the name 'M L S' and the name 'Multiple Listing Service'" and "that the trade name registration filed by the defendant Metropolitan Multi-List, Inc. in this court [DeKalb Superior Court] seeking to register the name 'M L S' and 'Metropolitan Multiple Listing Service' be stricken and vacated in the records of this court."

On this petition an ex parte temporary injunction was granted. On the return of the rule nisi for the grant of an interlocutory

injunction and after the appellant had presented its evidence, the court on motion of the appellee dissolved the ex parte restraining order and denied the prayers for an interlocutory injunction. The appeal and errors assigned are on this order.

The evidence adduced at the hearing discloses: that the stockholders of the appellant corporation Multiple Listing Service, Inc. are real estate brokers engaged in the business of selling real estate in the area of Fulton and DeKalb Counties; that the appellant has nineteen member real estate brokers who in the last 10 years have spent many thousand dollars in advertising the sale of real estate wherein the words "Multiple Listing Service" or "M L S" were used; that the use of these trade names identified the business and service of the appellant as distinguished from all other business organizations and that the appellee Metropolitan Multi-List, Inc., whose stockholders are real estate brokers in competition with the member real estate brokers of appellant, were using the words "Multiple Listing Service" and "M L S" in its advertising.

*Code Ann.* § 106-115 (Ga. L. 1955, pp. 453, 454) provides: "Every person, association, or union of working men adopting and using a trade-mark, trade name, label or form of advertisement may proceed by suit, and all courts having jurisdiction thereof shall grant injunctions, to enjoin subsequent use by another of the same or any similar trade-mark, trade name, label or form of advertisement if there exists a likelihood of injury to business reputation or of dilution of the distinctive quality of the trade-mark, trade name, label, or form of advertisement of the prior user, notwithstanding the absence of competition between the parties or of confusion as to the source of goods or services; except that the provisions of this section shall not deprive any party of any vested lawful rights acquired prior to the effective date of this section." Also *Code* § 37-712 provides: "Any attempt to encroach upon the business of a trader, or other person, by the use of similar trade-marks, names, or devices, with the intention of deceiving and misleading the public, is a fraud for which equity will grant relief."

The controlling questions here are whether the evidence demanded a finding that the appellant's use of the words "Multiple

Listing Service" and "M L S" had acquired a secondary meaning in the areas of Fulton and DeKalb Counties in the real estate brokerage business and whether appellant's prior registration and use of the trade names should prevent the appellee from using a similar trade name and emblem.

This court in *Multiple Realty, Inc. v. Multiple Listing Service, Inc.*, 220 Ga. 437 (139 SE2d 326) ruled that the word "Multiple" used in the appellant's corporate name was a generic or descriptive word which has a primary meaning, but could acquire a secondary meaning by reason of long use in connection with the business of the user, understood by the public as designating the goods, services or business of a particular trader.

In *Saunders System v. Drive It Yourself Co.*, 158 Ga. 1, 5, 6, 7 (123 SE 132), this court said: "A corporation has the exclusive right to the use of its own name. A corporate name is a necessary element of the corporate existence. A court of equity will enjoin another from using or imitating such name, upon the same principles under which persons are protected in the use of trade-marks. *Rome Machinery &c. Co. v. Davis*, 135 Ga. 17 (68 SE 800). A person or corporation may acquire a trade-name. Such trade-name is as much descriptive of the manufacturer or dealer as his own name. Infringement of the real or trade-name of an individual or corporation will be enjoined by a court of equity when a proper case is made. An infringement upon the real name or trade-name of an individual or corporation is such a colorable imitation of the name that the general public, in the exercise of ordinary care, might think that it is the name of the individual or corporation first appropriating the same. The use of such name or the infringement thereof is a fraud against the person entitled to use the same, when the infringer intends to create the impression in the minds of the public that he and the person or corporation first appropriating the name are the same. If the person or corporation first appropriating and using the name has a clear right to the use thereof, its subsequent use by another person or corporation knowing of this right, is presumed by the law to be fraudulent." There the court went on to say: "While generic names, geographical names, and names composed of words which are merely descriptive are

incapable of exclusive appropriation, words or names which have a primary meaning of their own, such as words descriptive of the goods, service, or place where they are made, or the name of the maker, may nevertheless, by long use in connection with the business of the particular trade, come to be understood by the public as designating the goods, service, or business of a particular trader. This is what is known as the doctrine of secondary meaning; and is the origin of the law of unfair competition, as distinguished from technical trade-marks or trade-names."

It does not appear from the appeal record that the appellee filed any pleadings or offered any evidence on the hearing. The appellant introduced in evidence its amended complaint, many affidavits and documentary evidence. It appears without dispute or conflict that the appellant registered its trade names "Multiple Listing Service" and "M L S" in Fulton County in September 1957 and that its member real estate brokers had since the date of registration constantly used the trade names and emblem in their public advertising and promotion of their respective businesses. During this period they had paid over $1,400,000 in public advertisement and in excess of 90% of such advertising included the names "Multiple Listing Service" or "M L S." The business of these real estate brokers covered the metropolitan area of Atlanta which included Decatur and De-Kalb County. There was testimony that the long time and wide publication of the trade names to the general public had developed a secondary meaning in these trade names so as to exclusively identify the real estate brokerage businesses bearing such trade names as that of the members of the appellant corporation, that the members of the appellee "Metropolitan Multi-List, Inc." were real estate brokers engaged in the business of selling real estate in the same area as the members of the appellant corporation, that the appellee in August of 1967 registered its trade names "Metropolitan Multiple Listing Service" and "M L S" and that members of the appellee corporation in their advertisements used the appellant's trade names "Multiple Listing Service" and "M L S."

We do not agree with the appellee that there was no evidence

that the name "Multiple Listing Service" or "M L S" had developed a secondary meaning. On the contrary, there was an abundance of evidence without conflict that these trade names had acquired a secondary meaning.

There is no merit to the contention that the appellant and appellee were not engaged in a competitive business. Both were composed of real estate brokers selling real estate in the same market area.

The appellee relies on *Dolphin Homes Corp. v. Tocomc Development Corp.*, 223 Ga. 455 (156 SE2d 45), and *Multiple Realty, Inc. v. Multiple Listing Service, Inc.*, 220 Ga. 437, supra, to sustain its contention as to whether the appellant's trade names had acquired a secondary meaning. Both of those cases were decided on the pleadings holding that as against a general demurrer the allegations in the petition were insufficient to allege that the trade name had acquired a secondary meaning with the general public. We here have undisputed evidence that appellant's trade name had acquired a secondary meaning. The evidence shows grounds for equitable relief under the provisions of *Code Ann.* § 106-115 (Ga. L. 1955, pp. 453, 454) and *Code* § 37-712, and that the appellant would suffer irreparable injury unless injunctive relief is granted. Under these facts and circumstances the court erred in dissolving the temporary restraining order and in refusing to grant an interlocutory injunction pending a final trial. Compare *Georgia Power Co. v. Sullivan,* 217 Ga. 699 (124 SE2d 634) and *Everett v. Tabor,* 119 Ga. 128 (4, 5) (46 SE 72).

*Judgment reversed. All the Justices concur.*