### 25093. MILTON FRANK ALLEN PUBLICATIONS, INC. v. GEORGIA ASSOCIATION OF PETROLEUM RETAILERS, INC.

ARGUED MARCH 10, 1969—DECIDED APRIL 14, 1969.

*Lynwood A. Maddox, Daniel C. B. Levy,* for appellant.
*James A. Mackay, Cleburne Gregory,* for appellee.

ALMAND, Presiding Justice. Though this case has been before this court several times, it will be necessary to restate the facts to some degree.

The appellant alleged that the appellee was violating a membership solicitation contract. The alleged violation involved the lowering of the annual dues from $25 to $10. Appellant received 75% of the dues collected to compensate it for its efforts in membership solicitation.

The appellant was granted an ex parte temporary injunction, and a hearing was set to determine whether or not an interlocutory injunction should be granted.

Appellee's general demurrers to the petition seeking the grant of an interlocutory injunction were sustained by the trial court. This court reversed at 221 Ga. 495.

After the hearing was held, the grant of the interlocutory injunction was denied. The appellant was ordered by the court to enter a $10,000 bond to act as supersedeas, and continue the ex parte order in effect during the appeal. The bond was executed. This court affirmed the denial of the interlocutory injunction at 223 Ga. 784.

The court then ordered the ex parte order continued in effect until the outcome of the jury trial, provided that appellant pay into the registry of the court all of the 1968 dues which it had collected in excess of $10 per member. This was done. It

should be noted that all funds paid into court were ordered as the result of requests for supersedeas by the appellant.

On the trial of the case, the jury being unable to agree on a verdict, a mistrial was declared. On February 26, 1968, the court granted the motion of the appellees for a judgment notwithstanding the mistrial, holding that the membership solicitation contract was void. The appellant filed its notice of appeal and another motion for supersedeas. The motion was granted. The order granting it provided that in addition to prior funds paid into the court registry, a lien was to be imposed on certain real property of Milton F. Allen. On review of the appeal, this court affirmed the ruling of the trial court that the membership solicitation contract was void, and granted a judgment in favor of the appellees on this feature of the case, notwithstanding the mistrial. This case was reported at 224 Ga. 518.

On October 18, 1968, the appellant filed its motion, " . . . for an order directing the clerk to pay out to the plaintiff (appellant) all monies presently in the custody of the court which exceed the sum of approximately $18,000 claimed by the defendant (appellee) herein." The motion recited that appellant had paid the court a total of $14,025, and had posted a bond in the amount of $10,000. Attached to the motion were exhibits showing the membership funds paid into court from December 7, 1967, through July 31, 1968. It also prayed for an order releasing the lien on certain real estate owned by M. F. Allen.

The court, on November 18, 1968, entered its judgment, (a) awarding the appellee on its cross petition the sum of $18,381, (b) depositing the savings account of the appellant, which was in a described savings and loan association, and amounted to a total of $4,296, in the registry of the court, (c) directing the clerk to deliver to the appellee the sum of $18,381 which had been deposited in the registry of the court, and (d) releasing and discharging the lien on the real property of M. F. Allen.

The appeal is from this order. The award of the entire fund to the appellee is enumerated as error, in that the appellant alleges that it was entitled to recover the value of its services rendered in collecting the membership dues on a quantum meruit basis. Appellant also enumerates as error the refusal to

hold that appellant was entitled to recover the actual expenses incurred in the accumulation of said fund.

■ The basis upon which appellant claims that it is entitled to the entire fund in court is that the fund represents membership dues received from the proceeds of the executed part of a contract which has been held void as against public policy, and that equity will not aid in the enforcement of a contract which is forbidden by law.

This contention is without substance or merit for two reasons. In the first place, the fund in court was from the membership dues which belonged to the appellee. Its right to such dues is not based on the membership solicitation contract. The appellant is the only party claiming under the void contract. Secondly, the sums paid into court by the appellant were not by virtue of the membership solicitation contract, but by virtue of the court granting supersedeas orders on appellant's own motion to continue in effect the temporary injunction of December 23, 1964.

■ Nor do we agree with the other contention of the appellant that it was entitled to either a quantum meruit award for the value of the services rendered or for the reimbursement of the actual expenses incurred in the collection of the membership dues.

All of the funds in court are from the collection of membership dues by the appellant pending the litigation, on motion of the appellant for supersedeas orders to maintain in effect the temporary injunction. The collection of these funds, and their payment into court was not by virtue of any express or implied promises by the appellee to pay for the value of the services. In the collection of the dues, and paying them into court, appellant was a volunteer in order to maintain in effect the temporary injunction. Under these circumstances, the appellant was not entitled to charge this fund for the value of the services it rendered, or for the expenses it incurred in the creation of this fund.

*Judgment affirmed. All the Justices concur.*