## 25111. MONACO, INC. v. CHATEAU CORPORATION.

NICHOLS, Justice. Monaco, Inc., sought an injunction prohibiting the Chateau Corporation from operating a liquor and beer store under the name and style "Chateau Package Store." The petition alleged that the plaintiff had operated the "Chateau Fleur de Lis Restaurant" and "Chateau Lounge" at 2470 Cheshire Bridge Road, N.E., Atlanta, Georgia, since February 1965, that in March 1965 its licensee "Chateau Bake Shop, Inc." opened the "Chateau Bake Shop" at the same address and in late 1965 and in August 1966 opened bake shops under such name in the North DeKalb Shopping Center and at the Sears-Roebuck Store located at 3060 Peachtree Road, N.E. The petition also shows that the plaintiff's controlling shareholder is also the principal shareholder of the "Chateau Bake Shop, Inc." The petition further alleges that the "plaintiff is the first and original owner of the trade name 'Chateau' in the food and beverage industry and said name is purely and entirely fanciful and artificial and in no way descriptive of either the nature, kind or location of such business," and "the name 'Chateau' has come to identify the business of plaintiff and its licensee to the public. The Chateau Restaurant and Lounge are luxury establishments providing only the finest quality food and service. Thus, the nature and extent of plaintiff's operations and advertising have resulted in plaintiff's being nationally recognized as Atlanta's leading restaurant and lounge, greatly enhancing the value of the trade name 'Chateau.'"

After issuance of a rule nisi the trial court heard evidence in the form of affidavits and rendered judgment denying the plaintiff's prayers for a temporary injunction. It is from this judgment that the plaintiff appeals. *Held:*

1. The name "Chateau" is a descriptive word meaning: "1. a feudal castle or fortress in France; 2. a large country house: mansion; 3. a French vineyard estate esp. in the Bordeaux wine region—often used prepositively in compounds naming such estates and their wines (as *Chateau-Haut-Brion,* the name of a vineyard in the Graves district in Gironde and the red Burgundy produced from its grapes)." Webster's Third New International Dictionary, 1966, p. 380. "1. a French castle. 2. a stately residence imitating a French castle. 3. a country estate, esp. a fine one." The American College Dictionary, 1967, p. 204. Thus, unless the word has acquired a secondary meaning as defined in *Dolphin Homes Corp. v. Tocomc Develop. Corp.,* 223 Ga. 455, 456 (156 SE2d 45); *Multiple Listing Service, Inc. v. Metro. Multi-List, Inc.,* 223 Ga. 837 (159 SE2d 52), and citations, the plaintiff was not entitled to a temporary injunction prohibiting the defendant from operating his liquor and beer store under the name "Chateau Package Store."

2. "If the trial judge in refusing an interlocutory injunction bases his refusal upon the ground that the evidence was in conflict or if the trial judge enters a mere general judgment refusing an interlocutory injunction, this court will not reverse the judgment in either case if it appears that the evidence was in conflict, because such a judgment was entered in the exercise of the trial judge's discretion. *Ballard v. Waites,* 194 Ga. 427 (1) (21 SE2d 848)." *Milton Frank Allen Publications v. Ga. Assn. of Petroleum Retailers,* 223 Ga. 784, 787 (158 SE2d 248).

3. The evidence adduced by affidavits showed the plaintiff's use of the name "Chateau Fleur de Lis" and "Chateau Lounge" in connection with a restaurant and lounge and of the use of the word "Chateau" in connection with bakeries at three different locations before the defendant began operating a retail liquor and beer store. However, the defendant presented affidavits of the use of "Chateau" by other businesses in the Atlanta area as well as of the general use of the word "Chateau" in connection with wine and beverages which

would authorize the trial court to deny the temporary injunction.

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 16, 1969—DECIDED APRIL 24, 1969.

*Heyman & Sizemore, Joseph Lefkoff, John V. Burch,* for appellant.

*Arnall, Golden & Gregory, H. Fred Gober,* for appellee.