43999. NORTHERN ASSURANCE COMPANY OF AMERICA
v. KARP.
(354 SE2d 129)

HUNT, Justice.

Plaintiff, Cindy Karp, reported the loss of a VCR and camera equipment from her car while attending a gift show at the Merchandise Mart in Atlanta on July 5, 1985. She notified her insurance agent in her hometown of Athens on August 6, 1985, and the defendant insurance company, after requesting she file a police report and after two recorded telephone conversations concerning her claim, mailed her a formal proof of loss form to complete on September 23, 1985, which she returned to the company on October 15, 1985. On November 1, 1985, the insurance company sent Karp a letter requesting she appear at its attorney's office in Marietta on November 13, 1985, for an examination under oath, as required by her policy,[1] and to bring with her a long list of personal and business records. On November

---

[1] The policy reads: "2. Your duties after loss. In case of a loss to which this insurance may apply you shall see that the following duties are performed: . . . 2. Exhibit the damaged property as often as we reasonably require and submit to examination under oath."

11, the attorney called to postpone their meeting because he had to appear in court in South Carolina, but she filed this suit that same day seeking statutory damages for failure to pay her loss within sixty days. OCGA § 33-4-6.

In January 1986, she suffered a similar theft from her car while in Miami, Florida. She filed her proof of loss form on February 12, 1986, and received a letter demanding a second examination under oath, this time at her attorney's office in Athens on February 14. She then moved the court for a temporary restraining order, as to both examinations, which was granted on February 13, 1986. Thereafter, the insurance company filed its motion for summary judgment, contending that it was entitled as a matter of law to conduct the examination as a condition precedent to the filing of Karp's complaint.[2]

1. On May 6, 1986, the trial court held that the insurance company's request to conduct its examinations under oath for both claims[3] should be enjoined pending a jury trial as to the reasonableness of the company's request and denied its motion for summary judgment. The insurance company appeals both rulings. Thus, the only issue before us regarding the propriety of the interlocutory injunction and denial of summary judgment is the question of reasonableness, which the trial court held was a question of fact for the jury under the circumstances of this case.

We will not interfere with the discretion of the trial court on interlocutory matters unless clearly erroneous. OCGA § 9-5-8. See *Milton Frank Allen Publications v. Ga. Assn. of Petroleum Retailers,* 223 Ga. 784, 787-788 (158 SE2d 248) (1967). As to the claim for which suit was filed, the injunction prohibiting the insurance company from taking the plaintiff's examination under oath until a determination of the reasonableness of the company's request to take the examination, in light of the facts surrounding this claim, is not clearly erroneous. Nor can we say, as the insurance company insists, that its attempt to take the first examination under oath was reasonable as a matter of law and that the plaintiff's suit should have been dismissed under the terms of her policy for failing to submit to it.

2. The taking of the examination under oath as to the second claim, however, does not suffer from the same infirmities as the first. Therefore, we hold that the trial court should have allowed the insurance company to take this second examination under oath.

3. Karp's motion for penalties for a frivolous appeal is denied.

---

[2] The insurance company relies here on the following clause in its policy: "No action shall be brought against us unless there has been compliance with the policy provisions."

[3] The second claim was at that time neither the subject matter of this suit, nor of any other litigation.

*Judgment affirmed in part; reversed in part. All the Justices concur.*

DECIDED APRIL 8, 1987 —
RECONSIDERATION DENIED APRIL 22, 1987.

*Haskins & Patton, Richard L. Patton,* for appellant.
*Smith & Harrell, James W. Smith,* for appellee.